■ PAUL G., Respondent, v DONNA G., Appellant.—In an action for divorce and ancillary relief, the defendant mother appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Nassau County (Yachnin, J.), dated November 14, 1989, as granted the plaintiff father pendente lite visitation with the parties' children to be supervised by one of his five named blood relatives, and (2) so much of an order of the same court, dated February 16, 1990, as granted that branch of the father's motion which was, in effect, to resettle the prior order to reflect the court's finding that the parties' daughter was not sexually abused by him.

Ordered that the appeal from the order dated November 14, 1989, is dismissed, as that order was superseded by the resettled order dated February 16, 1990; and it is further,

Ordered that the resettled order dated February 16, 1990, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The defendant mother contends on appeal that the trial court erred by allowing the plaintiff father visitation with the parties' two children with supervision by one of five of his named blood relatives. The mother contends that the father sexually abused their daughter, aged six, and that professional supervision of visitation should therefore be required. At the hearing on this matter, social workers, a school teacher and an assistant principal all testified that the daughter made

statements attesting to the fact that her father touched her "private parts". The father denies the occurrence of any sexual abuse, and notes that the numerous complaints of child sexual abuse filed against him by the children's mother and the daughter's school were deemed unfounded. Further, the five named blood relatives of the father each submitted an affidavit to the trial court stating he or she would continuously supervise the visits between the father and the children, while acting as a visitation supervisor. Each affiant acknowledged that he or she could be held in contempt for failure to comply with the visitation rules.

A noncustodial parent should have reasonable rights of visitation, and the denial of those rights to a natural parent is a drastic remedy which should only be invoked when there is substantial evidence that visitation would be detrimental to the child (see, Matter of Hughes v Wiegman, 150 AD2d 449; Katz v Katz, 97 AD2d 398). However, where a parent has demonstrated behavior which involves sexual exploitation of his or her children, unsupervised visitation is not appropriate (see, Anonymous G. v Anonymous G., 132 AD2d 459).

The trial court's determination, based upon a first-hand assessment of the credibility of the witnesses, is entitled to great weight on appeal and should not be lightly disturbed (see, Lenczycki v Lenczycki, 152 AD2d 621, 623; Crum v Crum, 122 AD2d 771). Moreover, in light of the submission of affidavits by the father's blood relatives stating that they would properly fulfill their supervisory function, we find supervision of visitation by the blood relatives to be sufficient under these circumstances.

The mother's failure to raise her argument, at the hearing, that the trial court pre-judged the visitation issue renders it unpreserved for appellate review, and we decline to address it in the exercise of our interest of justice jurisdiction (see, Nemia v Nemia, 124 AD2d 407; Brent-Grand v Megavolt Corp., 97 AD2d 783).

We also find that the trial court did not improperly amend the substance of its first order dated November 14, 1989, by its second order dated February 16, 1990 (see, Traub v Arrow Mfg. Corp., 207 App Div 292; Herpe v Herpe, 225 NY 323, 327). The second order did not change or add new provisions to the prior order, and merely restated the court's original findings of fact with respect to the lack of evidence of sexual abuse. Thompson, J. P., Bracken, Harwood and Balletta, JJ., concur.