■ In the Matter of LAWAL MOHAMMED, Appellant, v CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent.— Harvey, J. Appeal from an order of the Family Court of Cortland County (Mullen, J.), entered February 8, 1991, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for visitation with petitioner's child.

Petitioner married Theresa Wood in January 1981 and the couple had a son, Abdul, in October 1981. Due to separations and other difficulties, however, the marriage was a strained one. In January 1985 petitioner shot his estranged wife's paramour in front of his wife and son during an altercation. Petitioner was subsequently convicted of attempted murder and is currently serving a lengthy sentence in State prison. Wood later married her paramour and left the United States, leaving Abdul in her brother's custody. In 1989, Wood returned to the United States and voluntarily transferred custody of Abdul to respondent. Abdul was then placed in foster care. Thereafter, in February 1990 petitioner, who had not seen Abdul since January 1985, commenced this proceeding principally seeking visitation with Abdul. Counsel was appointed for petitioner and a fact-finding hearing was ultimately held. Following the hearing, Family Court denied petitioner's request for visitation after determining that visitation with petitioner was not presently in Abdul's best interest. An order dismissing the proceeding was entered and this appeal by petitioner followed.

There must be an affirmance. Upon review of all the pertinent evidence in this matter (including the testimony of psychologists, counselors and the Law Guardian's recommendation), we conclude that Family Court did not exceed its discretion in determining that, *inter alia,* it was not currently in Abdul's best interest to have visitation with petitioner. It is true that petitioner's incarceration, standing alone, does not make a visitation order inappropriate and that parental visitation by the noncustodial parent is presumed to be in a child's best interest *(see, Matter of Wise v Del Toro,* 122 AD2d 714, 714-715). It is equally true, however, that substantial proof that such visitation would be harmful to the child will justify denying such a request *(supra; see, Paul G. v Donna G.,* 175 AD2d 236, 237; *Matter of Hughes v Wiegman,* 150 AD2d 449). Here, respondent's proof indicated that Abdul, who had

apparently not received good care from Wood's family and had experienced great difficulties in school, was now thriving in the care of his foster parents and has benefited from being involved in a detailed counseling program. Significantly one of the counselors treating Abdul opined that intermittent visitation with petitioner at this time would create more insecurity and uncertainty in Abdul's life. A child psychologist who interviewed petitioner, Abdul and Abdul's teachers concluded that the foster care placement seemed to benefit Abdul and that any movement to reintroduce Abdul to his father should come from Abdul himself so as not to cause him further trauma. While this court is sympathetic to petitioner's sincere desire to have contact with his son, Family Court was correct in confining its consideration to what is best for the child and not simply to what might be best for the parent. Because the consensus of opinion appeared to disfavor contact between the two at this time, we find no reason to disturb Family Court's ruling.

Petitioner's remaining contentions have been examined and found to be lacking in merit. Given petitioner's incarceration, it would obviously be unrealistic to expect Family Court to grant him physical custody of Abdul. We further find no abuse of discretion in Family Court's decision to allow a witness to be called out of order and permitting the fact-finding hearing to be held on several nonconsecutive dates. Additionally, petitioner's claim that Family Court unconstitutionally "severed" his parental rights is unfounded and his reference to cases involving the severing of such rights are inapposite. By simply denying visitation, Family Court did not permanently sever petitioner's rights. In fact, in its oral decision, Family Court noted that petitioner could bring a new petition if new proof developed that would convince the court that contact with petitioner would be in Abdul's best interest.

Levine, J. P., Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, without costs.