■ In the Matter of JAMES W. DAVIS, Appellant, v DAMIANA F. DAVIS, Respondent. [648 NYS2d 742] —Mikoll, J. P. Appeal from an order of the Family Court of Broome County (Ray, J.), entered February 10, 1995, which partially denied petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of visitation.

The parties are the parents of one child, born in 1992. They were divorced in 1993 and respondent was awarded sole custody of the child with no provision for visitation by petitioner. Petitioner has been an inmate at various correctional facilities for most of the child's life and is currently incarcerated at Gouverneur Correctional Facility in St. Lawrence County, where he is serving a prison term of 6 to 12 years. Respondent resides with her parents in the City of Endicott, Broome County, a 3¹/₂-hour drive from Gouverneur. It was agreed between the parties that petitioner could later apply for visitation with the child without having to demonstrate a significant change of circumstances. Petitioner made such application in April 1994, requesting that he have visitation with the child at the correctional facility at least once a month with petitioner's parents providing the necessary transportation. Respondent opposed the petition.

Following a hearing, Family Court ruled that petitioner could have visitation with the child 11 months after the date of the court's order, when the child would be more mature, and once every six months thereafter, with transportation to be provided by the child's paternal grandparents in the event that respondent was unable or unwilling to provide it. Petitioner appeals.

It is generally presumed to be in a child's best interest to have visitation with his or her noncustodial parent and the fact that a parent is incarcerated will not, by itself, render visitation inappropriate (see, Matter of Mohammed v Cortland County Dept. of Social Servs., 186 AD2d 908, lv denied 81 NY2d 706). Substantial proof that such visitation would be harmful to the child will, however, justify the denial of an application for visitation (see, Paul G. v Donna G., 175 AD2d 236, 237). We find that Family Court correctly determined in the instant matter that while it would be beneficial for the child to visit petitioner on a semiannual basis, the monthly visitation

requested by petitioner would not be in the child's best interest. Among the factors militating against such frequent visitation are that the visits will of necessity take place in the setting of a correctional facility, that the child must make a round trip of at least seven hours in order to get there and that he will most likely have to be driven to his visits with petitioner by his paternal grandparents, with whom he is not well acquainted. In addition, the child has a medical history of respiratory problems which makes frequent extended absences from home inadvisable.

We conclude that the schedule of visitation set forth in the order of Family Court was in the child's best interest and we accordingly affirm it.

White, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.