■ In the Matter of MARTIN F. HADSELL, Appellant, v LENORAH J. HADSELL, Respondent. [672 NYS2d 478] —Crew III, J. Appeal from an order of the Family Court of Schoharie County (Czajka, J.), entered April 29, 1997, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for visitation with the parties' child.

Petitioner and respondent are the parents of a daughter, Marissa (born in 1994). On June 19, 1996, petitioner pleaded guilty to one count of attempted murder in the second degree and two counts of reckless endangerment in the first degree and subsequently was sentenced to, *inter alia*, a term of imprisonment of 5 to 15 years. The charges stemmed from an incident that occurred in October 1995 wherein petitioner fired five shotgun blasts through the door of an apartment located in the Village of Cobleskill, Schoharie County.

Following his guilty plea but prior to sentencing, petitioner commenced this proceeding seeking visitation with Marissa. Respondent and the Law Guardian opposed the application and Family Court, after taking notice of the underlying criminal proceeding, granted respondent's motion to dismiss the petition. This appeal by petitioner ensued.

We affirm. As petitioner correctly observes, a parent's incarceration, standing alone, is not a sufficient basis upon which to deny visitation (*see, e.g., Matter of Davis v Davis*, 232 AD2d 773; *Matter of Mohammed v Cortland County Dept. of Social Servs.*, 186 AD2d 908, *lv denied* 81 NY2d 706). Where, however, there is substantial proof in the record that such visitation would be harmful to the child, the denial of a request for visitation will be justified (*see, Matter of Mohammed v Cortland County Dept. of Social Servs., supra*, at 909).

In our view, petitioner's plea allocution provides ample evidence to support a finding that visitation with petitioner would not be in Marissa's best interest. Petitioner fired five shotgun blasts through an apartment door in an admitted attempt to kill respondent, knowing full well that Marissa, among others, was inside the apartment at the time. Although petitioner asserts in his brief that he has never done anything inappropriate toward his child, petitioner's attempt to kill his child's mother, coupled with his blatant disregard for Marissa's personal safety and well-being, fully supports Family Court's denial of his visitation request. Petitioner's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.