■ In the Matter of THOMAS M. ROGOWSKI, Appellant, v JOANNE E. ROGOWSKI, Respondent. [674 NYS2d 480] —Cardona, P. J. Appeal from an order of the Family Court of Schenectady County (Reilly, Jr., J.), entered September 18, 1997, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for visitation with the parties' child.

Petitioner has been incarcerated at Dannemora Correctional Facility in Clinton County since July 1994 and is serving an 8⅓ to 25-year sentence upon his conviction of two counts of rape in the first degree and one count of endangering the welfare of a child. He and respondent have one child, a daughter, born in 1992. In June 1996, petitioner made this application for visitation with the child at the correctional facility. A hearing was held and, at the close of petitioner's proof, Family Court granted respondent's motion to dismiss the petition. Petitioner appeals.

As with custody determinations, the primary consideration in deciding the issue of visitation is the best interest of the child (*see, Matter of Rhynes v Rhynes*, 242 AD2d 943; *Matter of Simpson v Finnigan*, 202 AD2d 592, 593). We further recognize the presumption favoring a child's visitation with a noncustodial parent, even when that parent is incarcerated (*see, Matter of Davis v Davis*, 232 AD2d 773; *Matter of Mohammed v Cortland County Dept. of Social Servs.*, 186 AD2d 908, *lv denied* 81 NY2d 706). Although Family Court did not correctly recite the law on the burden of proof, we nevertheless find that there is sufficient proof in this record to rebut the presumption and establish that visitation would not be in the child's best interest (*see, Matter of Simpson v Finnigan, supra*, at 593; *Matter of Mohammed v Cortland County Dept. of Social Servs., supra*, at 908-909).

It is significant that the crimes for which petitioner is cur-

rently incarcerated arise from his inappropriate sexual conduct toward his niece and that petitioner has not received any sexual abuse counseling while in prison. In addition, petitioner admitted that, prior to being convicted of these crimes, he was convicted of a misdemeanor sexual offense in 1983. Although he stated that he received counseling in regard to this offense, this did not prevent him from committing the crimes at issue. Based upon petitioner's description of the facilities available at the prison, there are supervision concerns surrounding the proposed visitation. Moreover, the record indicates that petitioner has not seen his daughter since she was two years old and that the child would have to travel approximately six hours by bus in order to make the trip to and from the prison.

In view of the above, we decline to disturb that portion of Family Court's order denying visitation at this time (*see, Ceasar A. R. v Raquel D.*, 179 AD2d 574). We do, however, find unduly restrictive that portion of Family Court's order which conditions future visitation on the Law Guardian's assessment of the child's need for contact with petitioner. Therefore, we modify Family Court's order to the extent of directing that petitioner may file a new application for visitation as future circumstances dictate and also direct that, until further order of Family Court, petitioner shall be permitted to send birthday/holiday cards to the child through the Law Guardian.

Crew III, White, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by directing that petitioner may file a new application for visitation as future circumstances dictate and that petitioner may be permitted to send birthday/holiday cards to the child through the Law Guardian; and, as so modified, affirmed.