■ In the Matter of KENNETH H., Appellant, v BARBARA G., Respondent. [682 NYS2d 699] —Graffeo, J. Appeal from an order of the Family Court of Chemung County (O'Shea, J.), entered November 19, 1997, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 10, to modify a prior order of protection by allowing him to have written and telephone contact with his children.

In 1994, Family Court determined that petitioner's children were abused and issued an order of protection prohibiting petitioner from having any contact with the children until he demonstrated that he had successfully completed therapy for sexual offenders. Petitioner, who is incarcerated, thereafter filed a petition alleging that he had successfully completed a therapeutic program and requesting that the order of protection be modified so as to permit visitation in the form of written and telephone contact with the children. In lieu of an evidentiary hearing, Family Court conducted an informal discussion with the Law Guardian, the County Attorney and respondent, following which it determined that resuming visitation would not be in the children's best interests and summarily dismissed the petition. Petitioner appeals, primarily contending that Family Court erred in dismissing the petition without permitting him an opportunity to present evidence in support of the petition.

"[T]he best interests of the children is the paramount consideration in determining whether visitation should be permitted by a parent who has committed abuse" (*Matter of Tanya T. [Steven U.]*, 252 AD2d 677, 679, *lv denied* 92 NY2d 812). A determination of the children's best interests should only be made after a full evidentiary hearing unless there is sufficient information before the court to enable it to undertake an independent comprehensive review of the children's best interests (*see, Matter of Hermann v Chakurmanian*, 243 AD2d 1003, 1004; *Miller-Glass v Glass*, 237 AD2d 723, 724; *Matter of Oliver S. v Chemung County Dept. of Social Servs.*, 162 AD2d 820). Here, although Family Court was presented with a report from one of the children's therapists, the record before us does not indicate that the court was furnished with information from treatment professionals pertaining to the other two chil-

dren or information regarding petitioner's treatment progress. Under these circumstances, we are constrained to reverse to allow Family Court to engage in a comprehensive review by considering additional documentary proof or testimony in reaching its determination of the best interests of the children (*see, Davies v Davies*, 223 AD2d 884). In view of the foregoing, we need not address petitioner's remaining contention.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Chemung County for further proceedings not inconsistent with this Court's decision.