■ In the Matter of John W. Folsom, Appellant, v Khalida Folsom, Respondent. [692 NYS2d 529] —Mercure, J. Appeal from an order of the Family Court of Chemung County (Buckley, J.), entered April 1, 1998, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, seeking visitation with his children.

Petitioner, an inmate at the Elmira Correctional Facility in Chemung County, commenced this proceeding to obtain visitation with his two children, ages nine and five, after their mother stopped bringing them to the facility for visitation. In petitioner's absence, and without appointing a Law Guardian, Family Court conducted a brief colloquy with respondent, during which she described the criminal conduct that resulted in petitioner's incarceration and claimed that she had encountered problems with petitioner during the course of prior visitations. Based upon respondent's unsworn allegations, the court dismissed the petition. Petitioner appeals.

Although petitioner is incarcerated, "visitation will only be denied where there is substantial evidence that it would be

---

detrimental to the child[ren]'s welfare" (*Matter of Vann v Vann*, 187 AD2d 821; *see, Matter of Davis v Davis*, 232 AD2d 773). "A determination of the children's best interests should only be made after a full evidentiary hearing unless there is sufficient information before the court to enable it to undertake an independent comprehensive review of the children's best interests" (*Matter of Kenneth H. v Barbara G.*, 256 AD2d 1029). The record in this case contains no sworn testimony or documentary evidence, and petitioner was not given an opportunity to present evidence, participate by phone or otherwise respond to respondent's allegations. In these circumstances, the order must be reversed and the matter remitted to Family Court for the required independent comprehensive review of the children's best interests (*compare, id.*; *Matter of Vann v Vann*, *supra*, *with Matter of Rogowski v Rogowski*, 251 AD2d 827; *Matter of Hadsell v Hadsell*, 249 AD2d 853, *lv denied* 92 NY2d 809). We are also of the view that this is an appropriate case for the appointment of a Law Guardian to protect the rights of the children who are the subject of petitioner's application (*see*, Family Ct Act § 249 [a]).

Mikoll, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Chemung County for further proceedings not inconsistent with this Court's decision.