■ In the Matter of ALONZO ELLETT, Appellant, v KRISTEN ELLETT, Respondent. [698 NYS2d 740] —Graffeo, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered December 23, 1997, which, *inter alia*, partially denied petitioner's application, in a proceeding pursuant to a Family Court Act article 6, for reasonable visitation with the parties' children.

Petitioner and respondent are the parents of two daughters, born in 1992 and 1994. In May 1995 petitioner was convicted of robbery in the first degree and assault in the first degree and was sentenced to concurrent terms of imprisonment of 7 to 21 years and 4 to 12 years, respectively (*see, People v Ellett*, 245 AD2d 952, *lv denied* 91 NY2d 925). While incarcerated at Clinton Correctional Facility in Clinton County, petitioner commenced this proceeding seeking visitation with his children. At the time of the hearing, the elder daughter resided with respondent in the City of Binghamton, Broome County, while the younger child lived with respondent's father. After a hearing, Family Court issued a decision allowing petitioner two visits per year with the older child, with transportation to be provided by the paternal grandmother, but determined that personal visitation with the younger daughter was not in her best interest. The court, however, allowed petitioner to have reasonable contact by mail and telephone with both children. Lastly, the court granted respondent custody of the two children.

Petitioner now appeals, contending that there was no basis in the record to prohibit visitation with his youngest daughter. Although the incarceration of a noncustodial parent shall not, by itself, preclude visitation with his or her child (*see, Matter of Davis v Davis*, 232 AD2d 773; *Matter of Mohammed v Cortland County Dept. of Social Servs.*, 186 AD2d 908, *lv denied* 81 NY2d 706), a denial of an application for visitation is proper where evidence demonstrates that visitation would not be in the child's best interest (*see, Matter of Rogowski v Rogowski*, 251 AD2d 827; *Matter of Hadsell v Hadsell*, 249 AD2d 853, *lv denied* 92 NY2d 809).

In denying visitation, Family Court noted that it was not in

the youngest child's best interest to be transported to the correctional facility in Clinton County to visit petitioner as it required a round trip of at least 10 hours by automobile. The court further considered the severity of petitioner's sentence, the tender age of the child, petitioner's virtually nonexistent previous relationship with this daughter, and the fact that travel arrangements would be provided by a grandparent. Having not seen her father since she was five months old, this daughter had no visitation experience in a prison setting. However, Family Court indicated that petitioner would have reasonable mail and telephone contact with the child and could re-petition for a modification of visitation at a later date if he is transferred to a correctional facility in closer proximity to his children.

The provisions for visitation with the older child were not inconsistent because the elder daughter had a relationship with petitioner, was two years older and better suited for the considerable travel involved with the visitation. According substantial deference to Family Court's findings (*see, Matter of Shawn Y. v David Y.*, 263 AD2d 687; *Matter of Blair v Blair*, 243 AD2d 758, *lv denied* 91 NY2d 804; *Paul G. v Donna G.*, 175 AD2d 236, 237), we conclude that a sound and substantial basis existed in the record for the court's determination that the visitation requested by petitioner would not be in the youngest child's best interest under the present circumstances (*see, e.g., Matter of Rogowski v Rogowski, supra*, at 827-828).

Mercure, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.