In the Matter of DAVID McCRONE, Appellant, v DAVONA PARKER, Respondent. [697 NYS2d 379] —Crew III, J. Appeal from an amended order of the Family Court of Broome County (Ray, J.), entered July 28, 1998, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of visitation.

Petitioner, currently serving a 3 to 6-year sentence at Cape Vincent Correctional Facility in Jefferson County, is the biological father of two children, Anthony (born in 1994) and Devin (born in 1995).* Alleging that his incarceration constituted a change in circumstances, petitioner commenced this proceeding seeking to modify a prior order of visitation and requesting that he be permitted visitation with his children at the subject correctional facility at least once every three months. Although respondent, the children's biological mother, initially was receptive to having the children visit petitioner three or four times per year, she ultimately opposed petitioner's application, citing the negative atmosphere of the prison environment. At the conclusion of the hearing that followed in July 1998, at which respondent, petitioner and petitioner's mother, brother and sister appeared and testified, Family Court ordered, *inter alia*, that petitioner be permitted visitation with his children once a year with transportation to be provided by petitioner's mother. This appeal by petitioner ensued.

As prior decisions of this Court have made clear, visitation with his or her noncustodial parent generally is presumed to be in a child's best interest and the fact that such parent is incarcerated is not, standing alone, a sufficient basis upon which to deny visitation (*see, Matter of La Rue v Crandall*, 254 AD2d 633, 634; *Matter of Rogowski v Rogowski*, 251 AD2d 827;

---

* Although not entirely clear from the record, it appears that petitioner's projected release date is sometime during the year 2000.

*Matter of Davis v Davis*, 232 AD2d 773). Indeed, "visitation will only be denied where there is substantial evidence that it would be detrimental to the child's welfare" (*Matter of Vann v Vann*, 187 AD2d 821; *see, Matter of Folsom v Folsom*, 262 AD2d 875; *Matter of Hadsell v Hadsell*, 249 AD2d 853, *lv denied* 92 NY2d 809).

Although acknowledging that petitioner's application for visitation could not be denied in its entirety due to respondent's failure to supply substantial proof that such visitation would be harmful to the children (*compare, Matter of Mohammed v Cortland County Dept. of Social Servs.*, 186 AD2d 908, *lv denied* 81 NY2d 706), Family Court nonetheless fashioned an award that, in our view, was tantamount to awarding no visitation at all. Because of the distance between the children's residence in Broome County and the correctional facility at which petitioner is incarcerated in Jefferson County and the limited hours during which visitations with inmates may occur, the children are able to see petitioner for only three or four hours per visit. Although the parties' children indeed are relatively young and the travel time involved is not insignificant, the record simply does not support limiting petitioner's contact with his children to a single three to four-hour visit per year. In our view, both petitioner's desire to visit with his sons and respondent's concerns regarding the travel time involved, the underlying transportation arrangements and the overall prison environment can be reasonably accommodated by modifying Family Court's order to permit three visits per year (*see, Matter of Davis v Davis, supra*)—a finding that is entirely consistent with the Law Guardian's recommendation on appeal.

In reaching this result, we are mindful of our decision in *Matter of Ellett v Ellett* (265 AD2d 747 [decided herewith]). Unlike the incarcerated parent in *Ellett (supra)*, however, petitioner has an established relationship with his sons, both of whom have visited with petitioner in a jail or prison setting in the past. Additionally, petitioner is serving a much shorter period of incarceration than the petitioner in *Ellett*. Hence, we deem our decision in *Ellett* to be distinguishable from the matter now before us. Petitioner's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the amended order is modified, on the law and the facts, without costs, by reversing so much thereof as limited petitioner to one visit per year with his children while incarcerated; petitioner shall be permitted to visit with his children three times per year; and, as so modified, affirmed.