■ In the Matter of NELSON BOWERS, Appellant, v VERA BOWERS et al., Respondents. (Proceeding No. 1.) In the Matter of KENNETH P. CRAIG, as Law Guardian for JEFFREY BOWERS, Respondent, v NELSON BOWERS, Appellant, et al., Respondent. (Proceeding No. 2.) [698 NYS2d 771] —Mugglin, J. Appeals (1) from an order of the Family Court of Chemung County (O'Shea, J.), entered February 3, 1997, which partially dismissed petitioner's application, in proceeding No. 1 pursuant to Family Court Act article 6, to, *inter alia*, compel respondent Chemung County Department of Social Services to initiate a neglect proceeding against respondent Vera Bowers, and (2) from an order from said court (Frawley, J.), entered August 29, 1997, which, *inter alia*, granted petitioner's application, in proceeding No. 2 pursuant to Family Court Act article 6, for modification of a prior visitation order.

Petitioner Nelson Bowers (hereinafter petitioner) is currently incarcerated in Wyoming Correctional Facility in Wyoming. County and is serving a 3 to 6-year sentence upon his conviction for rape in the second degree, involving a non-family female infant. The child of petitioner and respondent Vera Bowers (hereinafter respondent), Jeffrey (born in 1987) is the subject of these proceedings. Among the many petitions filed in Family Court, the determinations currently on appeal involve the petition of the Law Guardian for modification of a prior Family Court order concerning visitation with petitioner and

the dismissal of petitioner's CPLR article 78 petition seeking to compel respondent Chemung County Department of Social Services to institute neglect proceedings against respondent. With respect to modification of the prior order of visitation, Family Court, following denial of petitioner's motion for a trial order of dismissal, modified the order of October 19, 1996 to direct that there be no visitation by the child with petitioner at his site of incarceration until further order of the court. Further, petitioner's CPLR article 78 petition was dismissed at the request of the Department of Social Services. Petitioner now appeals from these adverse rulings.

It is axiomatic that the incarceration of a parent is not sufficient in and of itself to overcome the presumption favoring a child's visitation with a noncustodial parent (*see, Matter of Davis v Davis*, 232 AD2d 773; *Matter of Mohammed v Cortland County Dept. of Social Servs.*, 186 AD2d 908, *lv denied* 81 NY2d 706). Recognizing the principle that in determining issues of visitation the court is to be guided by an overriding concern for the welfare of the child, the best interest of the child is the primary consideration (*see, Matter of Rhynes v Rhynes*, 242 AD2d 943; *Matter of Simpson v Finnegan*, 202 AD2d 592). Petitioner does not quarrel with these rules of law, but instead contends that the evidence presented to Family Court was insufficient upon which to base a modification of the prior visitation order. Family Court may determine an application to modify an order of visitation "upon a showing that there has been a subsequent change of circumstances and modification is required" (Family Ct Act § 652 [b] [ii]).

We affirm. Based upon our review of the record as a whole, a significant change of circumstances has occurred since the original order of October 19, 1996. Primarily, the change of circumstances involves a change in the desire of the child to visit his father in prison. Initially, the child agreed to the visitation with petitioner, but since that time has developed extremely strong wishes to the contrary. The record demonstrates an adequate basis for the change of heart and when considered with the reason for petitioner's incarceration and his attempt to involve the child in a resumption of contact with the victim, the best interest of the child requires the modification as requested.

We also affirm the dismissal of that portion of the petition which seeks to commence a CPLR article 78 proceeding against the Department of Social Services. Although the order of dismissal does not recite the rationale of the court, it is clear that Family Court lacked jurisdiction of this proceeding. CPLR

article 78 proceedings must be commenced in the appropriate Supreme Court (CPLR 7804 [b]). The record clearly demonstrates that there was no substantive discussion of petitioner's proposed order to show cause between the court and the opposing parties, but given the lack of jurisdiction to issue the order to show cause and entertain the petition, no error arises from the failure of the court to give petitioner the opportunity to argue. We have examined petitioner's remaining contentions and find them to be without merit.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the orders are affirmed, without costs.