■ In the Matter of REGINALD P. BOUGOR, Appellant, v KRISTY L. MURRAY, Respondent. [724 NYS2d 215] —Spain, J. Appeal from an order of the Family Court of Warren County (Breen, J.), entered May 26, 2000, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for visitation with his child.

Petitioner commenced this proceeding seeking visitation with his son after respondent—the child's mother—ceased bringing the child to visit him at Great Meadow Correctional Facility in Washington County. Petitioner is serving a 3½ to 7-year prison term, to be followed by a consecutive determinate 10-year term for a Federal conviction. Following a trial, Family Court partially granted the petition, holding that it would be in the child's best interest to have limited contacts with petitioner in the form of correspondence four times per year, subject to inspection by respondent. Petitioner appeals and we affirm.

We reject petitioner's contention that Family Court's determination lacks a substantial basis in the record. Although "the incarceration of a parent is not sufficient in and of itself to overcome the presumption favoring a child's visitation with a noncustodial parent" (*Matter of Bowers v Bowers*, 266 AD2d 741, 742), "a denial of an application for visitation is proper where evidence demonstrates that visitation would not be in the child's best interest" (*Matter of Ellett v Ellett*, 265 AD2d 747; *see, Matter of Thompson v Thompson*, 267 AD2d 516, 517). Here, the lengthy period of incarceration that petitioner faces is but one of the factors supporting Family Court's conclusion that limited contact is in the child's best interest (*see, Matter of Ellett v Ellett, supra*, at 748).

Testimony at trial established that petitioner perpetrated domestic violence against respondent while she was pregnant with the child and that, during one of three prison visitations, he struck the child in the face (*see, Matter of Hadsell v Hadsell*, 249 AD2d 853, 854, *lv denied* 92 NY2d 809). Furthermore, the record reveals that petitioner has failed to establish a meaningful relationship with his son (*compare, Matter of Ellett v Ellett, supra*, at 748, *with Matter of McCrone v Parker*, 265 AD2d 757, 758). Significantly, the parties separated shortly

before the birth of the child on January 8, 1997 and, but for a single chance encounter at a supermarket, petitioner had no contact with the child prior to his incarceration in September 1997. Petitioner then waited until the child was approximately three years old before filing a paternity petition seeking to establish filiation. Respondent has raised and supported the child with no assistance from petitioner. Thus, there is ample evidence supporting Family Court's determination that it is in the child's best interest to limit contact between petitioner and his son to quarterly correspondence.

We also reject petitioner's claim that Family Court erred in failing to conduct an in camera interview or to order a psychological examination of the child. We note that it is within Family Court's discretion to *sua sponte* order a psychological evaluation or to conduct an interview (*see, Matter of Thompson v Thompson, supra,* at 519). At no point during the course of the proceedings did petitioner request an interview or evaluation and he makes no compelling argument that the court abused its discretion in deciding not to take the initiative on its own—especially given the child's young age (*see, Matter of Farnham v Farnham,* 252 AD2d 675, 677).

Cardona, P. J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.