■ In the Matter of LIONEL WILLIAMS, Appellant, v DIANE TILLMAN, Respondent. (And Another Related Proceeding.) [734 NYS2d 727] —Lahtinen, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered May 18, 2000, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for visitation with the parties' children.

Petitioner and respondent, who never married, are the biological parents of four daughters, Akia (born in 1993), Aishah (born in 1991), Gina (born in 1988) and Alasha (born in 1981), who live with respondent. Petitioner resided with respondent and the two older children for a time, however, the parties terminated their relationship in 1993 or 1994. Petitioner has not seen or visited with the children since his incarceration commencing in 1995 for the crime of robbery. In November 1998, petitioner, who was serving a 6 to 12-year sentence in a State correctional facility, petitioned for visitation with the children. Subsequent to the hearing held on the petition, which included a *Lincoln* hearing, Family Court denied petitioner visitation.* Petitioner now appeals.

It is well settled that the primary consideration in deciding the issue of visitation is the best interests of the children (*see, Matter of Rogowski v Rogowski,* 251 AD2d 827). Our decisions have clearly established that visitation with the noncustodial parent is presumed to be in a child's best interest (*see, Matter of McCrone v Parker,* 265 AD2d 757), even when that parent is incarcerated, which, by itself, is not enough to deny visitation (*see, Matter of Hadsell v Hadsell,* 249 AD2d 853, *lv denied* 92 NY2d 809; *Matter of Davis v Davis,* 232 AD2d 773). Further, where there is substantial proof in the record that visitation would not be in a child's best interest (*see, Matter Rogowski v Rogowski, supra,* at 827) or would be harmful to the child (*see, Matter of La Rue v Crandall,* 254 AD2d 633, 634; *Matter of Hadsell v Hadsell, supra,* at 853), denial of visitation is justified. However, the propriety of visitation is generally left to the sound discretion of Family Court whose findings are accorded deference by this Court and will remain undisturbed unless lacking a sound basis in the record (*see, Matter of Shawn Y. [David Y.],* 263 AD2d 687).

---

* Petitioner's mother also filed a petition for visitation with the children. The hearing encompassed the allegations in both petitions. Family Court also denied her application, but she has not appealed.

Petitioner has been incarcerated since 1995 and, as he admits, has only had contact with the children since that time through an occasional letter or birthday card that he sends to them. In arriving at its determination, Family Court considered that the children would have to travel 10 to 12 hours round trip to and from petitioner's current correctional facility because the family lacked the means for the cost of an overnight stay. In addition, the children would have to make the journey with their paternal grandmother, a virtual stranger whose own petition for visitation with the children was denied. While petitioner's incarceration at a correctional facility some distance from the children is not determinative (*see, e.g., Matter of McCrone v Parker*, 265 AD2d 757, *supra*; *Matter of Davis v Davis, supra*), that fact, when coupled with the lack of prior contact with the children and the absence of a desire on their part to visit with petitioner, provides a sufficient basis for Family Court's determination to deny petitioner visitation, which was made after a full evidentiary hearing at which petitioner was present and testified (*see, Matter of Bougor v Murray*, 283 AD2d 695; *Matter of Bowers v Bowers*, 266 AD2d 741).

Finally, our review of the record reveals that the children were effectively represented by their respective Law Guardians who took an active role in the proceedings by asking pertinent questions of witnesses, making appropriate objections and participating in the *Lincoln* hearing, a far cry from "passive representation" which would cause us to disturb Family Court's determination (*see, Matter of Colleen CC. [Kathleen CC.]*, 232 AD2d 787, 788; *Matter of Pratt v Wood*, 210 AD2d 741).

Petitioner's remaining contentions have been considered and found to be without merit.

Spain, J. P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.