◼ In the Matter of ALBERT D. BEVERLY, Appellant, v JOSEPHINE BREDICE, Respondent. [751 NYS2d 79] —Kane, J. Appeal from an order of the Family Court of Albany County (Duggan, J.), entered August 5, 1999, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for joint custody and visitation.

Petitioner and respondent are the parents of a child born in October 1995. Petitioner and respondent are estranged and have a four-year history of domestic violence. Petitioner was convicted of three counts of criminal contempt in the first degree, criminal trespass in the second degree and criminal contempt in the second degree, stemming from a February 1998 incident whereby petitioner entered respondent's apartment through a window and threatened her, thus violating an order of protection. Petitioner later telephoned respondent threatening to shoot her and was then convicted of two additional counts of criminal contempt. Respondent was the sole caregiver[1] of the couple's young son and petitioner saw him only once from the time of his arrest in February 1998 until June 1999. On June 7, 1999, while petitioner was incarcerated and waiting to be sentenced, he commenced this proceeding seeking joint custody and visitation with his child. After appearances on July 6, 1999 and August 5, 1999, Family Court concluded that petitioner's visitation with his son was not in the child's best interest. Petitioner now appeals, contending that Family Court erred in denying visitation based on the child's best interest because there were no "exceptional circumstances" to warrant the denial.[2]

"It is generally presumed to be in a child's best interest to

---

1. Petitioner and respondent had no formal agreement with respect to custody or visitation nor was there any court order awarding custody to respondent.

2. Petitioner does not challenge Family Court's order with respect to the denial of joint custody and, thus, this issue has been deemed abandoned (see *Williams v State of New York*, 235 AD2d 776, 778).

have visitation with his or her noncustodial parent and the fact that a parent is incarcerated will not, by itself, render visitation inappropriate" (*Matter of Davis v Davis*, 232 AD2d 773, 773 [citation omitted]; *see Matter of Ellett v Ellett*, 265 AD2d 747, 747). However, " 'a denial of an application for visitation is proper where evidence demonstrates that visitation would not be in the child's best interest' " (*Matter of Bougor v Murray*, 283 AD2d 695, 695, quoting *Matter of Ellett v Ellett*, *supra* at 747). The record in this case contains no sworn testimony. However, Family Court listened to statements by both parties and the arguments of the Law Guardian, who had conducted a home study, met with the child and considered petitioner's abuse of respondent and his lengthy criminal record. The court also considered a presentence memorandum which addressed a police officer's trial testimony that he saw petitioner's son sobbing when he arrived at respondent's residence in February 1998. The information presented fully supports Family Court's denial of petitioner's visitation rights. We are therefore satisfied that Family Court engaged in an independent comprehensive review sufficient to support its determination that visitation would not be in the best interest of the child and that a full evidentiary hearing was unnecessary (*see Matter of Kenneth H. v Barbara G.*, 256 AD2d 1029, 1029).

We are not persuaded that petitioner was deprived of his right to counsel at the August 5, 1999 appearance. The record indicates that petitioner appeared with counsel on July 6, 1999 and Family Court advised respondent of her right to obtain counsel. On August 5, 1999, neither party appeared with counsel, requested the assignment of counsel, or requested an adjournment to obtain counsel. Our review of the record does not disclose that petitioner was prejudiced by the absence of counsel during this appearance. Under the circumstances, we find that petitioner waived his right to counsel at the August 5, 1999 appearance (*see Matter of Gerow v Gerow*, 257 AD2d 718, 719).

Crew III, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.