■ In the Matter of JODY J. TROMBLEY, Appellant, v MARIE E. TROMBLEY, Respondent. [754 NYS2d 100] —Carpinello, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered January 30, 2002, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior visitation order.

These divorced parties are the parents of one child, a daughter born in 1991. During the parties' marriage, petitioner committed acts of domestic violence against respondent, allegedly in front of the child, who was then only 2½ years old, resulting in 1993 convictions for sexual assault and criminal possession of a weapon and an order of protection prohibiting any contact with either respondent or the child. Subsequent assurances by petitioner that he would no longer engage in such violent behavior resulted in the resumption of contact with the child. Specifically, between December 1994 and August 1999, petitioner exercised regular visitation with the child in his home which he shared, at various times, with two girlfriends.

Petitioner is now serving a 10-year prison sentence as a second felony offender for the crimes of, inter alia, assault in the second degree, criminal possession of a weapon in the third degree and unlawful imprisonment in the second degree stemming from his repeated acts of domestic violence against his most recent live-in girlfriend. The record reveals that the subject child was privy to petitioner's verbal and physical abuse of both of his girlfriends, particularly the one who he was ultimately convicted of assaulting. She testified that petitioner committed daily acts of domestic violence in the two-year period proceeding his arrest, which included beating her with his fists, a sledge hammer, steel-toed boots and a frying pan. Although the child was not in the same room when these incidents occurred, she was often in the house and observed the consequences of that abuse.

Petitioner has not seen the child since shortly before his August 1999 arrest. Between March 2000 and October 2001,

however, they corresponded in writing without respondent's knowledge. It was firmly established that the child did not want to correspond with petitioner, but was pressured into doing so by her paternal grandparents. In fact, when respondent learned of this furtive contact, she suspended all grandparent visitation and this proceeding was filed. At issue are cross petitions to modify visitation; petitioner seeks to have the child visit him in prison several times a year, occasional telephone contact and the opportunity to correspond in writing, whereas respondent seeks cessation of all contact. Following fact-finding and *Lincoln* hearings, Family Court ruled that continued contact between petitioner and the child was not in the child's best interest. Petitioner appeals.

The evidence at the hearing reveals that even before petitioner's most recent arrest and conviction, the child was experiencing anxiety and concentration problems because of her exposure to petitioner's assaultive behavior. In the fall of 1998, the child was referred to a school counselor because she was chronically preoccupied in class, worrisome and clingy to her first-grade teacher. The child revealed to the counselor that she overheard petitioner verbally and physically abusing his girlfriend and that she was concerned that he might severely injure or even kill the girlfriend. The child also confided that she was concerned about visiting petitioner, could not stop thinking about his assaultive conduct and was in fact afraid of him. The child continued to receive counseling through the second, third and fourth grades by a different school counselor for anxiety reduction. According to this counselor, the child was still unable to get the thoughts of petitioner's assaultive behavior out of her mind and clearly indicated during their sessions that she did not desire to have any contact with him.

Given these facts, we are satisfied that Family Court's decision to modify visitation by terminating all contact between petitioner and the child has a sound and substantial basis in the record, promoting her best interest (*see Matter of Williams v Tillman*, 289 AD2d 885; *Matter of Rogowski v Rogowski*, 251 AD2d 827). While it is true that a parent's incarceration does not, as a general rule, render visitation inappropriate (*see e.g. Matter of Bowers v Bowers*, 266 AD2d 741, 742; *Matter of Davis v Davis*, 232 AD2d 773), visitation will be denied in the face of substantial evidence that it would be detrimental to the child (*see Matter of McCrone v Parker*, 265 AD2d 757, 758; *Matter of Vann v Vann*, 187 AD2d 821). Such is the case here. First, the child has indicated a strong, and in our view reasonable, pref-

erence to terminate all contact with petitioner (*see Matter of Williams v Tillman, supra; Matter of Bowers v Bowers, supra; compare Matter of Rose v Eveland,* 241 AD2d 638), as has respondent (*compare Matter of Lewis v Lowney,* 296 AD2d 624; *Matter of Rose v Eveland, supra*). More importantly, there is substantial record evidence that any contact would cause additional emotional harm to the child, who, as of the hearing, continued to suffer from anxiety, despite counseling, as a direct result of petitioner's abusive and violent conduct toward women (*see Matter of Hadsell v Hadsell,* 249 AD2d 853, *lv denied* 92 NY2d 809; *Matter of Mohammed v Cortland County Dept. of Social Servs.,* 186 AD2d 908, *lv denied* 81 NY2d 706; *compare Matter of Rose v Eveland, supra*).

To the extent preserved, petitioner's remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Crew III, Peters and Rose, JJ., concur. Ordered that the order is affirmed, without costs.