Matter of Dominique M. (2005 NY Slip Op 51500(U))

[*1]

Matter of Dominique M.

2005 NY Slip Op 51500(U) [9 Misc 3d 1112(A)]

Decided on September 16, 2005

Family Court, Seneca County

Bender, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 16, 2005

Family Court, Seneca County
In the Matter of Dominique M.
V-00XXX-05/05A

David K. Ettman, Esq.
On behalf of the Petitioner
Matthew D. Conlon, Esq.
On behalf of the Respondent
Anne S. Gailbraith, Esq.
Law Guardian

Dennis F. Bender, J.
The Petitioner in this matter seeks an order directing that visitation be granted to him with the parties' infant daughter. His petition was filed May 12, 2005 following a petition filed by the mother in which she sought an order granting her custody of the child. Pursuant to court records, the petitioner had also previously filed a paternity petition on February 22, 2005. An order of filiation was entered by a Support Magistrate on May 9, 2005 upon the mother's admission. The parties appeared on the custody and visitation petitions on June 29, 2005, at which time the petitioner consented to sole and exclusive custody being granted to the mother. No agreement was reached regarding visitation. A fact-finding hearing was held on September 14, 2005 regarding that issue. The only witness called was the respondent. I found her to be credible. A certificate of conviction relating to the petitioner's current incarceration was also received. Having considered the evidence presented and the arguments of counsel I now find and decide as follows.
The child in question is Dominique, born out of wedlock to the parties on September 22, 2003. The father was incarcerated at the time of the child's birth as a result of a judgment of conviction entered May 27, 2003, for Manslaughter in the Second Degree (PL 125.15(1)). An indeterminate sentence for a minimum of four years and a maximum of twelve was imposed. The victim was the son of the respondent, and was killed by the petitioner's reckless behavior on December 26, 2002.
Subsequent to Dominique's birth the respondent took the child to visit the petitioner at the Orleans Correctional Facility on three or four occasions. She last took the child to visit in March or April, 2004. The respondent also allowed the petitioner's mother to take the child to visit the petitioner on one other occasion. After the respondent had determined to no longer have visitation occur, the grandmother again took the child to visit the petitioner. Such occurred against the respondent's wishes and was accomplished by the grandmother falsely telling the respondent she was going to take the child to see some other relative. There has been no communication between the grandmother and the respondent since September, 2004. No [*2]evidence was presented to suggest the grandmother has made any effort to have contact with the child since that time.
Visitations were terminated upon the respondent's realization or acceptance of the fact the petitioner was indeed responsible for her son's death. She testified that he had lied to her and that she did not want to accept that he had killed her son. He told her several different stories regarding the incident, and she was confused. Asked about her awareness that his incarceration was as a result of him having caused the child's death, she again testified that she was confused, and to the effect she had suffered a significant loss and the petitioner was someone she trusted. She sees no good reason for the child to have further contact with the petitioner.
The respondent is now twenty-one years of age. She resides with her mother and the child. She is employed full time but has nominal income and apparently no discretionary income. Her transportation and child daycare costs alone now consume approximately seventy percent of her gross income. She does not have the financial wherewithal to now transport the child for visitations. No evidence was offered of the petitioner's willingness or ability to defray the cost. He pays no child support. No evidence was presented regarding the willingness of the grandmother or grandfather to transport for prospective visits. The respondent in any event testified without contradiction that the grandmother has been very ill and that the grandfather is an alcoholic. The respondent further does not trust the grandmother because of her having lied to the respondent about the last visit which occurred. The petitioner is now housed at the Wyoming Correctional Facility.
The child never referred to the petitioner as "daddy". She does not know him and does not speak of him. No evidence was presented regarding the quality of the visits which occurred. No evidence was presented why the petitioner did not pursue the matter sooner.
Incarceration alone is not enough to preclude visitation. Crowell v Livziey, 20 AD3d 923, (4th Dept., 2005); Davis v. Davis, 232 AD2d 773, (3rd Dept., 1996). Proof of a compelling reason or substantial evidence that visitation would be detrimental to the child's welfare will however, justify denial. Thomas v. Thomas, 277 AD2d 935 (4th Dept., 2000). While the homicide of the child did not constitute murder so as to presumptively preclude an order of visitation (DRL 240(1-c)), the petitioner in this matter did recklessly cause the death of the child's half brother, thereafter lied to the respondent about what occurred, and apparently continued to do so even after he was convicted of the crime. No evidence was presented of any remorse by the petitioner for his actions which caused the half-sibling's death, nor of any rehabilitative actions on his part to eliminate the likelihood he might pose a risk to Dominique, who is now not quite two years of age. He has been incarcerated for the entire life of the child, has not seen her in over a year, and has no current or past relationship with her. The record is devoid of any evidence by which the court might find the petition is motivated by actual love and affection for the child as compared to a singular desire for distractions while incarcerated. The petitioner will not be eligible for parole consideration for between an additional one and two years, and may not be paroled for up to an additional four.
Under the unique facts of this case this court finds substantial evidence that visitation would not be in the child's best interests. The court further finds the financial circumstances of the parties in any event to be a reason sufficiently compelling to negate any obligation of the respondent to transport the child for visitation. Williams v. Tillman, 289 AD2d 885 (3rd Dept., 2001); Ellett v. Ellett, 265 AD2d 747, (3rd Dept., 1999).
The petition is denied and dismissed.
[*3]
So ordered.
Dated: September 16, 2005
________________________________________
 Dennis F. Bender, J.F.C.