■ In the Matter of JEREMIAH P. JOHNSON, Appellant, v ANNA T. AHERN, Respondent. [812 NYS2d 187]—

---

* We decide this issue and the issue regarding sanctions on a procedural basis only, without addressing the merits.

Lahtinen, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered December 29, 2004, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for visitation with the parties' child.

Petitioner and respondent are the parents of a son (born in September 2002). In November 2002, petitioner was incarcerated following his arrest and eventually sentenced to a prison term of 3½ to 7 years upon his conviction of the crime of burglary in the third degree. Respondent brought the child to visit petitioner during the first five months of his incarceration, but thereafter stopped all visitation. Petitioner filed the instant petition for visitation and, following a hearing, Family Court directed that the child have four visits per year with petitioner (transportation to be provided by petitioner's mother or grandmother), petitioner be permitted reasonable mail contact with the child, and respondent provide petitioner with photographs and updates regarding the child's progress. Petitioner appeals contending that Family Court should have further granted him access to the child's educational and medical records, as well as set forth a specific number of photographs that respondent was to provide.

We affirm. Determinations regarding visitation are " 'generally left to the sound discretion of Family Court whose findings are accorded deference by this Court and will remain undisturbed unless lacking a sound basis in the record' " (*Matter of Edward S. v Moon*, 7 AD3d 834, 836 [2004], quoting *Matter of Williams v Tillman*, 289 AD2d 885, 885 [2001]). Here, Family Court heard the testimony of both parties as well as petitioner's mother and grandmother, and the court was aware of prior proceedings involving the parties. The child is not yet in any educational setting and there was no evidence of medical concerns. In light of such facts, together with petitioner's current status as an inmate, it was well within Family Court's discretion to refuse to require respondent to provide such information to petitioner. Nor was it incumbent upon Family Court to direct that a specific number of photographs be provided to petitioner.

Mercure, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.