■ In the Matter of ERIC DANTZLER, Appellant, v TRACI McKANE, Respondent. [851 NYS2d 308]—

Spain, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered June 1, 2007, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody and visitation.

Petitioner (hereinafter the father) and respondent (hereinafter the mother), now divorced, are the parents of three children (born in 1995, 1998 and 2000). In 2004, after their separation, the mother was awarded sole custody; the father was granted supervised visitation at the local family and children's agency due to his heroin addiction and physical aggression toward the mother in the presence of the children. The father, who never once exercised his right to supervised visitation, was incarcerated in November 2006 in the local county jail and petitioned in March 2007 for modification of the prior custody and visitation order seeking visitation with the children in jail.[1] Following a hearing at which the parties appeared pro se[2] and testified and the children's Law Guardian advocated against visitation, Family Court denied the father's request, but permitted mail contact screened by the mother and yearly photographs. The father now appeals.

While "the incarceration of a parent is not sufficient in and of itself to overcome the presumption favoring . . . child[ren's] visitation with a noncustodial parent" (*Matter of Bowers v Bowers*, 266 AD2d 741, 742 [1999]), "a denial of an application for visitation is proper where evidence demonstrates that visitation would not be in the child[ren's] best interest" (*Matter of Ellett v Ellett*, 265 AD2d 747, 747 [1999]; *accord Matter of Conklin v Hernandez*, 41 AD3d 908, 910 [2007]). Here, aside from brief

---

**1.** Notably, the father's counsel advised Family Court at oral argument that he is currently incarcerated in the state prison system in Franklin County, a distance of 250 miles from the children's residence. While the circumstances underlying the petition no longer exist, we will review Family Court's ruling on the petition under the facts presented at that time.

**2.** Although the mother has not submitted a brief on this appeal, we again take the opportunity to emphasize that the mother, as a respondent in a disputed visitation proceeding, should have been advised when she first appeared before Family Court of the right to counsel, the right to seek an adjournment to confer with counsel and the right to assigned counsel if qualified (*see* Family Ct Act § 262 [a] [iii]; *see also Matter of Edwards v Cade*, 33 AD3d 1087, 1089 [2006]; *Matter of Wilson v Bennett*, 282 AD2d 933, 934 [2001]). The court's failure to so advise her of these important rights was error.

chance encounters with the children in public, the father had no contact with them—and thus no meaningful relationship—for over two years preceding his incarceration, having never exercised his opportunity for supervised visitation (*see Matter of Conklin v Hernandez, supra; Matter of Bougor v Murray*, 283 AD2d 695, 695 [2001]). He testified that his failure to exercise visitation with the children was due to his lack of money and opposition to paying a nominal fee to the supervising agency to see his children, but never sought to modify the order to substitute the approved supervisor as suggested by the court in its order. The father had no plan, resources or information about how or when visitation would occur, leaving it entirely to the mother to accomplish. The mother, a single parent and sole support of the children, works full time and opposed the request, expressing misgivings about requiring the children to visit their father in jail or compelling her to transport and accompany them. Given the history of domestic violence and the father's threats to kill her, as well as the practical difficulties, the mother's opposition was justifiable (*see Matter of Conklin v Hernandez*, 41 AD3d at 910-911; *Matter of Bougor v Murray*, 283 AD2d at 695). Under all of the circumstances, Family Court's determination that the requested visitation was not in the children's best interests constituted an appropriate exercise of discretion, has a sound basis in the record, and will not be disturbed (*see Matter of Conklin v Hernandez*, 41 AD3d at 910-911; *cf. Matter of Albanese v Albanese*, 44 AD3d 1117, 1120 [2007]).

Cardona, P.J., Mercure, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.