In the Matter of SHONDELL R. BUTLER, Appellant, v KELLY J. EWERS, Respondent. [910 NYS2d 831]—

Appeal from an order of the Family Court, Onondaga County (David J. Roman, J.H.O.), entered February 9, 2010 in a proceeding pursuant to Family Court Act article 6. The order denied the petition.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner father appeals from an order denying his petition seeking visitation with the parties' 10-year-old son. The father was sentenced in 2002 to an aggregate prison term of 27²/₃ years to life based upon his conviction of arson in the first degree and two counts of intimidating a witness in the third degree and his unrelated conviction of arson in the second degree. Although we agree with the father that Family Court failed to apply the proper burden of proof in denying his petition (*see Matter of Lonobile v Betkowski*, 261 AD2d 829 [1999]), we nevertheless conclude that the record is sufficient to enable us to determine that visitation would not be in the best interests of the child (*see Matter of Moses v Rachal S.*, 273 AD2d 928 [2000]; *Matter of Rogowski v Rogowski*, 251 AD2d 827 [1998]).

The record demonstrates that the father failed to establish a meaningful relationship with the child (*see Matter of Bougor v Murray*, 283 AD2d 695 [2001]). The father has been incarcerated since the child was two years old, and his last visit with the child took place when the child was three or four years old. The father subsequently waited at least five years to file a petition for visitation, when the child was nine years old (*see id.* at 696). The child has no memory of the father, and he indicated that he would not recognize his father if they were in the same room (*see Matter of Vann v Vann*, 205 AD2d 897 [1994], *lv denied* 84 NY2d 805 [1994]). In addition, given his lengthy prison

sentence, the father "will remain in prison until long after the child[ ] reach[es] the age of majority" (*id.* at 898; *see Matter of David S. v Nicole U.,* 31 AD3d 1206, 1207 [2006]). The record further establishes that the child suffers from severe car sickness, and visiting the father in prison would require the child to travel 2½ to 3 hours each way with his paternal relatives, with whom he has no relationship (*see Matter of Ellett v Ellett,* 265 AD2d 747 [1999]; *Rogowski,* 251 AD2d 827; *Matter of Davis v Davis,* 232 AD2d 773 [1996]). Present—Centra, J.P., Fahey, Peradotto, Lindley and Green, JJ.