Matter of Derek G. v Alice M. (2020 NY Slip Op 05576)





Matter of Derek G. v Alice M.


2020 NY Slip Op 05576


Decided on October 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 08, 2020

Before: Manzanet-Daniels, J.P., Gische, Gesmer, Singh, JJ. 


Docket No. V-24985/16 Appeal No. 11988 Case No. 2019-03263 

[*1]In re Derek G., Petitioner-Appellant,
v
Alice M., Respondent-Respondent.


Steven P. Forbes, Jamaica, for appellant.
Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for respondent.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the child.



Order, Family Court, Bronx County (Ariel D. Chesler, J.), entered on or about July 11, 2019, which dismissed with prejudice the father's petition for visitation with the subject child, unanimously affirmed, without costs.
The Family Court's determination, that visitation with the father was not in the child's best interests, has a sound and substantial basis in the record (see generally Eschbach v Eschbach, 56 NY2d 167 [1982]). Visitation with a noncustodial parent, including an incarcerated parent, is generally presumed to be in the best interests of the child (see Matter of Granger v Misercola, 21 NY3d 86 [2013]). However, that presumption is rebuttable, and "a demonstration that such visitation would be harmful to the child will justify denying such a request" (id. at 91 [internal quotation marks omitted]).
Here, the evidence showed that the father had been incarcerated for the attempted murder of the mother since 2014. As a result, the court had issued an order of protection for her benefit until 2032. Furthermore, although the child was three when the father was incarcerated, he had not seen her since she was 20 months old. At the time of the hearing on the father's visitation petition, she was nearly nine years old. Under these circumstances, the Family Court had an adequate basis for determining that visitation would be detrimental to the child (see Matter of Leonard v Pasternack-Walton, 80 AD3d 1081, 1082 [3d Dept 2011]; Matter of Hadsell v Hadsell, 249 AD2d 853 [3d Dept 1998] , lv denied 92 NY2d 809 [1998]; see also Family Court Act § 1085). The position advocated by the attorney for the child was also entitled to serious consideration and supports the court's determination (see Yolanda R. v Eugene I.G., 38 AD3d 288, 291 [1st Dept 2007]). The father's testimony further showed that there was no viable option for facilitating visitation, as the mother had an order of protection against the father and the father's aunt was admittedly unable to take the child to prison for visitation or travel to where the child lived to facilitate virtual visitation, and the child had no relationship with her (see Matter of Butler v Ewers, 78 AD3d 1667 [4th Dept 2010]). Although the mother failed to appear in court or to facilitate
communication between the child and the attorney for the child, she was justifiably fearful of the father (see Matter of Dantzler v McKane, 48 AD3d 937, 939 [3d Dept 2008], lv denied 10 NY3d 709 [2008]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2020