Matter of Leroy W. (Shanequa W.) (2024 NY Slip Op 03238)

Matter of Leroy W. (Shanequa W.)

2024 NY Slip Op 03238

Decided on June 13, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2024

Before: Oing, J.P., Friedman, Scarpulla, Shulman, Higgitt, JJ. 

Index No. V-04630/20, V-06163/20 Appeal No. 2489 Case No. 2023-00028 

[*1]In the Matter of Leroy W., Petitioner-Respondent, Shanequa W., Respondent-Appellant, Administration for Children's Services, Respondent-Respondent.

Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Larry S. Bachner, New York, for Leroy W., respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the child.

Order, Family Court, Bronx County (David J. Kaplan, J.), entered on or about November 30, 2022, which, to the extent appealed from as limited by the briefs, after a fact-finding hearing, granted the father's petition for visitation with the subject child to the extent of awarding one in-person visit every six months at any facility where he was incarcerated, unanimously modified, to vacate the portion of the order requiring the child to visit her incarcerated father once every six months, without costs.
Family Court's determination that visitation with the father once every six months was in the child's best interests, does not have a sound and substantial basis in the record. Visitation with a noncustodial parent, including an incarcerated parent, is generally presumed to be in the best interests of the child (Matter of Granger v Misercola, 21 NY3d 86, 91 [2013]). However, that presumption is rebuttable, and "a demonstration that such visitation would be harmful to the child will justify denying such a request" (id. at91, quoting Matter of Mohammed v Cortland County Dept. of Social Servs., 186 AD2d 908, 908 [3d Dept 1992], lv denied 81 NY2d 706 [1993]).
Here, the evidence was sufficient to overcome the presumption in favor of visitation. The father is incarcerated in connection with his conviction for robbing and stabbing the mother while she was holding their child in her arms. The record indicates that the father has been incarcerated for most of the child's life and that the father has had no meaningful relationship with the child (see Matter of Derek G. v Alice M., 187 AD3d 465, 465 [1st Dept 2020]; Matter of Ellett v Ellett, 265 AD2d 747, 748 [3rd Dept 1999]). Notably, at a previous court date, the father testified that the child should not be required to visit him in prison and be exposed to that setting but subsequently, he changed his mind. Moreover, the now five-year-old child would have to travel several hours each way to visit the prison at which the father is incarcerated, and the child is not comfortable being in a car or being away from her mother for an extended period (see Ellett, 265 AD2d at 748; Rogowski v Rogowski, 251 AD2d 827, 828 [3rd Dept 1998]).
Further, the mother testified that the father has used his permitted phone-calls with the child to harass the mother, despite her order of protection against him (see Matter of Trombley v Trombley, 301 AD2d 890, 891-892 [3rd Dept 2003]). The position advocated by the attorney for the child was also entitled to serious consideration and supports modification of the court's order (see Yolanda R. v Eugene I. G., 38 AD3d 288, 291 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2024