■ In the Matter of ARIS F. WISE, Appellant, v ANNA DEL TORO, Respondent.—Order, Family Court, Bronx County (Lynch, J.), entered June 7, 1985, which dismissed petitioner's petition for visitation with his child, reversed, on the law, without costs, and the matter remanded for hearing.

The petitioner, who is incarcerated in a New York State correctional facility, sought rights to visitation with his seven-year-old daughter. The matter was set for hearing in Family Court on June 7, 1985. The respondent mother was present with counsel. The petitioner was represented by counsel. No Law Guardian had been appointed for the child. Petitioner's attorney indicated that he had inquired of the correctional institution and had been given a "scheduled visitation" for petitioner and his child. The court then asked respondent the reason for petitioner's incarceration. Respondent stated, *inter alia,* "I'm really not sure. I believe it was attempted murder though."

At that point, the court stated "I don't think it's wise for a child to be taken to prison particularly to see an attempted murderer. If that is the only information we have, I'm going to—'Petition dismissed'. Information supplied indicates petitioner is in jail for attempted murder. It is not in the best interest of the child to be taken to see petitioner in prison setting."

Petitioner was not given an opportunity to present evidence. His counsel was not afforded an opportunity to cross-examine respondent as to her uncertain statement regarding the reason for petitioner's incarceration. The child was not seen or spoken to. She was not represented by a Law Guardian.

It is presumed that parental visitation is in the best interest of the child, absent proof that such visitation would be harmful. *(Matter of Nathaniel T.,* 97 AD2d 973 [4th Dept 1983].) There should be a full inquiry before visitation is denied to a parent.

We take judicial notice of the fact that visitation by children to incarcerated parents is frequent in this State and that the Department of Correctional Services makes provision for such visitation. It cannot be said that the fact of a parent's incarceration, standing alone, makes visitation of that par-

ent's child inappropriate. Concur—Sullivan, Carro, Rosenberger and Ellerin, JJ.

Kupferman, J. P., dissents in a memorandum as follows: The mother opposed visitation. We are given no facts to justify the petitioner's request. If the court had not inquired as to legitimacy, we would not even know if the petitioner was the father. It appears that the petitioner is a recidivist. Based on the limited information before it, the court should have dismissed the petition. This does not, however, foreclose the petitioner from bringing on a further petition, which details his background, relationship to the child and the way to solve the problem of a visit by a seven-year-old child to an upstate prison, when the mother objects to the visitation.

With the volume of work in the Family Court, the Judge presiding cannot have the requirement imposed to seek expert testimony and to investigate any psychiatric problems, etc., until the petition makes clear exactly what the underlying issues should be. The mere desire of a prisoner that his infant child should visit, while possibly commendable, cannot be used to invoke a requirement of a full-scale hearing.