■ Ceasar A. R., Appellant, v Raquel D., as Termporary Guardian of R. Children, Respondent.

Exceptional circumstances clearly justified the denial of

visitation as inimical to the welfare of the children *(Weiss v Weiss,* 52 NY2d 170, 175). Petitioner has been in prison continuously since 1984. His three children at first visited him there, but stopped doing so in 1987 after he was convicted of murdering their mother and raping their stepsister. The court's in camera interview with the children and the report of a court-appointed psychiatrist support a finding that the children fear their father and do not want to visit him. Although petitioner's principal witness testified that the children do want to visit him but are intimidated from doing so by respondent, their temporary guardian and maternal grandmother, the court found this testimony to be incredible. Clearly, neither petitioner's incarceration *(Matter of Wise v Del Toro,* 122 AD2d 714), nor the children's desire not to see him *(Matter of Hughes v Wiegman,* 150 AD2d 449), standing alone, were deemed by the court to be determinative. Petitioner's murder of the children's mother and rape of their sister, the children's fear of petitioner, and the fact that the children have been doing very well in their grandmother's care without mandated supervision were obviously taken into account as relevant circumstances bearing on the best interest of the children. Concur—Sullivan, J. P., Kupferman, Ross and Kassal, JJ.