■ In the Matter of JOHN TEIXERIA, Appellant, v THERESA TEIXERIA, Respondent. [613 NYS2d 49] —In a proceeding for visitation pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Hall, J.), entered May 31, 1991, which denied the petition.

Ordered that the order is affirmed, with costs.

The petitioner father, who is currently serving a sentence of 25 years to life imprisonment in a New York State correctional facility, sought visitation with his now 7-year-old daughter, who is afflicted with Down's Syndrome. We find that the

Family Court's denial of his petition is supported by substantial evidence that visitation would be inimical to the welfare of the child (see, Weiss v Weiss, 52 NY2d 170, 175; Matter of Mohammed v Cortland County Dept. of Social Servs., 186 AD2d 908; Matter of Wise v Del Toro, 122 AD2d 714).

The uncontradicted testimony of the child's school psychologist established that the child's condition would prevent her from receiving any benefit from the proposed visitation and, moreover, that the rigors of the 12-hour trip to and from the upstate facility would cause the child to regress in her training. The testimony of the respondent mother showed that the father made no effort to develop a relationship with the child before he was incarcerated and, in fact, that his abusive behavior toward her caused her to flee with the child to a battered women's shelter and then to a separate residence. Furthermore, the father had an extensive criminal history and is currently incarcerated for a brutal murder (see, Matter of Simpson v Finnigan, 202 AD2d 592; Ceasar A. R. v Raquel D., 179 AD2d 574). While a parent's incarceration, standing alone, does not make visitation inappropriate (see, Matter of Simpson v Finnigan, supra; Matter of Wise v Del Toro, supra), this was not the only basis for the denial of the petition in this case. Rosenblatt, J. P., Miller, Lawrence and Florio, JJ., concur.