■ In the Matter of MARIO RUSSO, Appellant, v ROSA RUSSO, Respondent. [723 NYS2d 405] —In a visitation proceeding pursuant to Family Court Act article 6, the petitioner father appeals from an order of the Family Court, Kings County (Elkins, J.), dated January 13, 1999, which, without a hearing, denied his petition and dismissed the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the father's contentions, the Family Court providently exercised its discretion in denying his petition for visitation with his children without conducting a hearing. The father was incarcerated upon his conviction for attempted murder in the second degree, having stabbed the mother repeatedly while the children were in the house. The mother and children have required years of therapy as a result, and the therapist for the children recommended against visitation. The father failed to reply to the mother's answer to his petition, despite having an opportunity to do so. Accordingly, the determination of the Family Court had a sound basis and therefore should not be disturbed (see, Domestic Relations Law § 240 [1] [a]; Matter of DeJesus v Tinoco, 267 AD2d 308; Matter of Hadsell v Hadsell, 249 AD2d 853; Matter of Teixeria v Teixeria, 205 AD2d 545; Ceaser A. R. v Raquel D., 179 AD2d 574). Santucci, J. P., Altman, Florio and Luciano, JJ., concur.

■ In the Matter of HAZEL S. SAUNDERS et al., Appellants, v NANCY S. GRABOSKI et al., Respondents. [723 NYS2d 403] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Planning Board of the Town of Southampton dated July 30, 1998, granting a special exception permit and site plan approval for the construction of a nursing home by Payton Lane Nursing Home, Inc., the appeal is from a judgment of the Supreme Court, Suffolk County (Costello, J.), dated January 7, 2000, which, upon granting the respondents' motion to dismiss the proceeding pursuant to CPLR 3211 (a) (10), denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Since the petitioners failed to join a necessary party, Payton Lane Properties, Inc., the Supreme Court properly dismissed the proceeding (see, CPLR 1001 [a]; see also, Matter of Save Our-Open Space v Planning Bd., 256 AD2d 581; Matter of Baker v Town of Roxbury, 220 AD2d 961; Matter of Llana v Town of Pittstown, 234 AD2d 881, 884).

The petitioners' remaining contentions are without merit. Krausman, J. P., Friedmann, Feuerstein and Smith, JJ., concur. [As amended by unpublished order entered Sept. 24, 2001.]