■ GREGORY C., Appellant, v NYREE S., Respondent. [790 NYS2d 130]—

Order, Family Court, Bronx County (Alma Cordova, J.), entered on or about October 5, 2002, which denied petitioner's

application for contact and/or visitation with the parties' child, and dismissed the petition, unanimously affirmed, with costs. Appeal from order, same court and Judge, entered on or about March 13, 2001, unanimously dismissed, without costs, as academic and abandoned.

While the denial of visitation to a noncustodial parent is a drastic result, it is warranted where compelling reasons and substantial evidence show that visitation would be detrimental to the child (*Matter of Maxamillian*, 6 AD3d 349, 351-352 [2004]). That is the case here. Petitioner, who shortly before the child's birth in 1993 was sentenced to prison for up to 25 years for involvement in a criminal enterprise that engaged in murder for hire, has never had any contact with the child, and the child does not know that petitioner is his father. There is also credited evidence that petitioner physically abused respondent when she was pregnant, and sent her threatening letters from prison (*see Matter of DeJesus v Tinoco*, 267 AD2d 308 [1999]). Nor is Family Court's finding, based on its evaluation of petitioner's telephonic testimony, that petitioner lacks any understanding of the possible harm his sudden immersion into the child's life might cause the child, rendered unsupportable by the lack of forensic evidence (*cf. Eschbach v Eschbach*, 56 NY2d 167, 173-174 [1982]). We note that the Law Guardian, while not opposed to mail and perhaps telephone contact, recommended that any such contact be accompanied by counseling to help the child cope with learning that petitioner is his father. We have considered petitioner's other arguments and find them unavailing. Concur—Andrias, J.P., Saxe, Friedman, Marlow and Nardelli, JJ.