■ In the Matter of B.G., Respondent, v A.M.O., Appellant. [869 NYS2d 38]—

The court's decision to deny defendant visitation at the present time, after hearing the testimony of the parties and the law guardian, observing defendant as a witness, and, after conducting a post-trial *Lincoln* hearing (*see Matter of Lincoln v Lincoln*, 24 NY2d 270, 272 [1969]) with defendant's eldest child in the presence of the law guardian, has a sound and substantial basis in the record (*see Ceasar A.R. v Raquel D.*, 179 AD2d 574 [1992]). It was defendant's rape of plaintiff, and the continued threat of physical and psychological harm, coupled with the fact that the children have been doing very well in their new home that were taken into account as relevant circumstances bearing on the best interests of the children. The court's primary concern was for the children's physical and psychological safety, as well as the safety of plaintiff, and there is nothing in the record to indicate that defendant has received anything other than "self-help" for the issues that compelled the attack on his wife and the continued harassment of his family from prison (*see Gregory C. v Nyree S.*, 16 AD3d 142 [2005], *lv denied* 5 NY3d 702 [2005]).

The court providently exercised its discretion in denying defendant's application for a forensic evaluation (*see Matter of James Joseph M. v Rosana R.*, 32 AD3d 725, 727 [2006], *lv denied* 7 NY3d 717 [2006]; Family Ct Act § 251). The record establishes that the court had sufficient information upon which to make a comprehensive and independent review of the children's best interests, and defendant's behavior was a far greater indicator of his fitness as a parent than would be a forensic report. Furthermore, the law guardian found no need to make any application for a forensic examination, and the court conducted its own interview of defendant's son in the presence of the law guardian.

We have considered defendant's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Gonzalez, Buckley and Sweeny, JJ.