OPINION OF THE COURT
Lori S. Sattler, J.
In this custody proceeding brought under article 6 of the Family Court Act, the petitioner, A.K. (hereinafter father), filed a *432 petition for custody of the parties’ two children, S.K. and K.K., ages eight and seven respectively. The respondent, A.S. (hereinafter mother) opposes the petition. Thereafter, the father moved for the appointment of a forensic psychiatrist to provide a report as to the relative fitness of each party and the mother moved for dismissal of the father’s petition.
The parties are unmarried and live together with their two children. They have continued to do so since the commencement of this proceeding, more than one year ago. It is of note that for a period of six months after the commencement of this proceeding, the matter was heard by a court referee where it was adjourned at the mother’s request so that she could retain counsel. No interim custody or visitation orders were entered during that time period.
On January 25, 2011, after the case was assigned to this court, the parties requested an adjournment in order to conduct settlement discussions regarding their financial issues. The financial negotiations appeared to be stalling the potential for a custody and visitation agreement. Again, there was no interim custody or visitation order issued by the court at that time and there were no requests for interim relief as the parties were admittedly focused on resolving their financial disputes. Following the breakdown of negotiations, and at a time when it became apparent that the parties were not separating out of their shared residence, the parties’ respective motions were submitted for decision.
The father contends that the issue of custody must be decided at present despite the parties continued cohabitation with their children. He asserts that he is the more fit custodial parent and lists instances that he asserts support his claim that a forensic evaluation is necessary for a determination of custody. He points to an instance in 2010 where he claims that the mother did not take the proper action when the children’s nanny acted in a manner which he considered to be a child safety risk. He further claims that he was the sole caretaker of the children for a two-week period in April 2010 when the mother did not return from a planned trip. Father also asserts that the mother suffers from depression and abuses alcohol, as well as various sleep and antidepressant medications. Lastly, he claims that she is unable to maintain the household without considerable support from him, child care providers and a housekeeper.
The mother argues in her cross motion that where the parties continue to live together and where there is no controversy be *433 tween them as to the welfare of the children that this court is mandated to dismiss the action. She cites People ex rel. Sisson v Sisson (271 NY 285, 287 [1936]), which holds that a “[c]ourt cannot regulate by its processes the internal affairs of the home” and further rules that a dispute between parents when it does not involve anything immoral or harmful to the welfare of the child is beyond the reach of the law. (Id.)
The mother specifically argues that the parties are living together, sharing custody, and that there is no moral, mental or physical threat to the welfare of the children. She argues that both parties are working collaboratively in caring for the children and work with a parent coordinator on any issues that may arise. She claims that both children are doing well in school and are in good health. Further, the mother indicates that the children are commencing psychotherapy with a therapist that the parties jointly selected. The mother argues that only when the parties physically separate should custody be determined based on their circumstances at that time, but to do so now would be premature.
In support of his motion for a forensic evaluation and in opposition to the mother’s motion to dismiss, the father argues that the court can issue an order of custody even though the parties continue to reside together. He relies on two cases: Harari v Davis (59 AD3d 182 [1st Dept 2009]) and Matter of Darrow v Burlingame (298 AD2d 651 [3d Dept 2002]), which he claims is factually similar to this case.
In Harari, the Court recognized the need for a prospective award of child support and custody where a showing has been made that such an award is necessary to maintain the reasonable needs of the children. In Darrow, the parties stipulated to the issuance of a Family Court order of joint custody while they were both living with the child. The appellate court addressed only the mother’s relocation with the child and not the underlying propriety of the stipulation and therefore this case is not factually similar or relevant to this proceeding.
Although the father argues that there are serious outstanding allegations as to the mother’s stability and challenged mental state which require that this court entertain his request for a forensic evaluation, he does not demonstrate that an evaluation is warranted at this time based on the facts and circumstances in this case. (See Family Ct Act § 251.) The court notes that despite the father’s allegations, in the more than one-year period of the pendency of this matter, the father has not filed any *434 emergency motions or sought any interim relief relating to custody due to the mother’s alleged mental health issues. Nor has the father requested drug and/or alcohol testing for the mother. Indeed, it would appear that these issues were only being litigated as a result of the breakdown of financial discussions.
As to the father’s other allegations regarding mother, his papers demonstrate that over the past year since the commencement of this proceeding, he was able to effectively address each situation. The children are doing well in school, are in good health and are enrolled in therapy. While the parties residing together in the same home is not ideal for the parties or their children, the father does not show any harm to the children or that their reasonable needs are not being met.
It is for the above reasons that the court finds that the father’s allegations do not rise to the level of requiring a hearing on his request for a forensic evaluator and custody. The court finds that both the father’s petition for custody and, in particular, his request for a forensic evaluator are premature. It would be costly to the parties financially and, more importantly, costly to the children emotionally to order a forensic evaluation at this time. The court notes that the forensic evaluation process can be a difficult one, especially on the children, who must go through meetings with their parents and the forensic evaluator. (See Family Ct Act § 251.)
As the Court of Appeals has held, this court cannot regulate the internal affairs of a home where there has been no showing that would indicate that the children’s welfare is in danger or that their reasonable needs are not being met. Since the father has not demonstrated that there are any concerns for the children at this time, and where their reasonable needs are currently being met, his motion for a forensic evaluator is denied. (See generally Matter of B.G. v A.M.O., 57 AD3d 246 [1st Dept 2008].) Similarly, the mother’s motion to dismiss is hereby granted and the petition for custody is dismissed without prejudice. Either party may return to this court at any time should their circumstances change or if the children’s needs are not being met, thus, requiring court intervention.