■ In the Matter of HARRY S., Appellant, v OLIVIA S.A., Respondent. [39 NYS3d 24]—

Order, Family Court, Bronx County (John J. Kelley, J.), entered on or about November 24, 2015, which, to the extent appealed from as limited by the briefs, after a hearing, denied petitioner father's request for visitation with the children, unanimously affirmed, without costs.

Although denial of visitation is a "drastic remedy," it is warranted where compelling reasons and substantial evidence show that visitation would be detrimental to the child (*Matter of Maxamillian*, 6 AD3d 349, 351-352 [1st Dept 2004]). Here, there is sound and substantial evidence for finding that the father should be denied in person, physical visitation with the children at the present time. The father has a history of violence against the mother and there is an extant order of protection in favor of the mother and both children. The father made no effort to foster and maintain a relationship with the children during the extended period of time (six years for the younger child, five years for the older) the children lived with relatives abroad, an arrangement that the father himself proposed (*Gregory C. v Nyree S.*, 16 AD3d 142, 143 [1st Dept 2005], *lv denied* 5 NY3d 702 [2005]).

Despite Family Court's determination that physical, in person visitation with their father would have a negative impact on the children's well being, evident in the emotional distress they were exhibiting, the court nonetheless encouraged the father to repair his relationship with the children by, among other things communicating with them by electronic or telephonic means, and sending them gifts. The court specifically ordered the mother to encourage, not discourage, such contact and it also ordered the mother to enroll the children in individual therapy for the purpose of attempting to foster a relationship between them and their father. The court also recommended that the father participate in therapy to address his anger issues and learn how to engage with the children in a positive manner.

Though the father's contact is limited at the present time, it in line with the children's wishes and very strong preferences (*Matter of Tyrone G. v Lucretia S.*, 4 AD3d 205, 206 [1st Dept 2004]). Furthermore, as a court of this state that has made a child custody determination, Family Court retains continuing jurisdiction over its determination (Domestic Relations Law § 76-a [1] [a]) and the court left open the possibility of adjusting the father's future access to the children. There is no basis for disturbing the court's determination at this time.

The father's claims of bias are also lacking in merit, as he has failed to point to an actual ruling that stems from "an extrajudicial source" or resulting from "some [other] basis other than what the judge learned from his participation in the case" (*People v Moreno*, 70 NY2d 403, 407 [1987]). Concur—Tom, J.P., Renwick, Manzanet-Daniels, Gische and Webber, JJ.