■ In the Matter of JAMEL W., Appellant. STACEY J., Respondent. [41 NYS3d 699]—

Order, Family Court, New York County (George J. Jurow, J.H.O.), entered on or about November 5, 2015, to the extent it placed petitioner father on probation, pursuant to Family Court Act § 656, and directed him to comply with the conditions of probation, including monthly psychiatric monitoring as arranged by the New York County Mental Health Services, for a two-year time period, as a component of visitation, unanimously affirmed, without costs.

The father argues that the court lacked jurisdiction over his modification petition because he did not consent to have the matter heard and determined by a judicial hearing officer (JHO). However, it was undisputed that he signed a consent form in the underlying custody proceeding that included his consent to a determination by a JHO in any supplementary proceedings. The father does not dispute that his modification petition was a supplementary proceeding and he fails to cite evidence of bias or other misconduct by the JHO (see Matter of Bay v Solla, 113 AD3d 482, 483 [1st Dept 2014], lv denied 23 NY3d 901 [2014]). Thus, the court had the requisite jurisdiction (see Matter of Baines v Shapiro, 299 AD2d 193 [1st Dept 2002]).

Visitation is premised upon a consideration of the best interests of the child, and visitation with a biological parent is presumed to be in the child's best interests, absent proof that such visitation would be harmful (see Matter of Tristram K., 25 AD3d 222, 228 [1st Dept 2005]).

This Court previously affirmed the determination that monthly psychiatric monitoring of the father as a component of visitation was appropriate given the recommendations of the evaluator and other experts (see Matter of Jamel W. v Stacey J., 136 AD3d 552 [1st Dept 2016]). The father failed to present evidence of a change in his mental health status warranting elimination of this component of visitation. His recent custody of a special needs child making compliance with this requirement more difficult did not demonstrate that it was in the best interests of the parties' child to remove this requirement. Concur—Tom, J.P., Acosta, Andrias, Moskowitz and Kahn, JJ.