■ In the Matter of MICHELLE C., Respondent, v JEROME ALVIN M., Appellant. [67 NYS3d 12]—

Order, Family Court, New York County (Monica Shulman, J.), entered on or about January 3, 2017, which, to the extent appealed from as limited by the briefs, granted petitioner mother's motion for modification of a prior order of visitation and denied respondent father visitation with the parties' child at his correctional facility, unanimously affirmed, without costs.

Substantial evidence supports the determination that visitation at the father's correctional facility would be detrimental to the child's welfare and against the best interests of the child (*Matter of Ronald C. v Sherry B.*, 144 AD3d 545, 546 [1st Dept 2016], *lv dismissed* 29 NY3d 965 [2017]). Since the entry of the prior order of visitation, the father was convicted of attempted murder, assault, criminal possession of a weapon and criminal use of a firearm and was sentenced to a maximum of 30 years' imprisonment. The now four-year-old child was born with se-

vere special needs, including hydrocephalus and pervasive special developmental delays. The child's medical condition causes him to suffer from seizures as well as substantive behavioral issues, including tantrums and self-injurious behavior. The child also has physical limitations, and wears braces on both legs to assist in his ability to walk.

Based on the father's extensive prison sentence, the child's severe special needs and the father's lack of awareness and understanding of the child's special needs and behavioral issues, the distance of six hours transport each way to the correctional facility, with the father's aunt with whom the child has no relationship, is not in the child's best interest (*see Matter of Robert SS. v Ashley TT.*, 143 AD3d 1193, 1194 [3d Dept 2016]; *Matter of Leonard v Pasternack-Walton*, 80 AD3d 1081, 1082 [3d Dept 2011]).

The court properly credited the testimony of the mother, pediatrician and social worker regarding the child's condition, including that any sensory change in the child's environment would cause him distress and trigger extreme behavioral issues and the inability to control his impulses, including tantrums and self-injurious behavior (*Matter of Teixeria v Teixeria*, 205 AD2d 545, 546 [2d Dept 1994]). Thus, the court correctly modified the order of visitation to allow the father continued and regular contact with the child through letter writing, telephone communication and video communication, including requiring the mother to update the father as to the child's medical and educational progress and to assist the child in returning letters to the father on a monthly basis. Concur— Tom, J.P., Renwick, Gische, Oing and Singh, JJ.