Matter of Don B. v Camilla E. (2018 NY Slip Op 06181)





Matter of Don B. v Camilla E.


2018 NY Slip Op 06181


Decided on September 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2018

Acosta, P.J., Sweeny, Manzanet-Daniels, Gesmer, Singh, JJ.


7129

[*1]In re Don B., Petitioner-Appellant,
v
Camilla E., Respondent-Respondent.


Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Kenneth M. Tuccillo, Hastings on Hudson, for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the children.



Order, Family Court, New York County (Tamara Schwartz, Referee), entered on or about July 12, 2017, which, to the extent appealed from as limited by the briefs, granted petitioner telephone contact and bimonthly visitation with the subject children, unanimously affirmed, without costs.
The determination that it was in the children's best interest to award petitioner bimonthly visitation, telephone communication, and further parenting time if either child desires it, has a sound and substantial basis in the record (see Matter of Michael Evan W. v Pamela Lyn B., 152 AD3d 414, 414 [1st Dept 2017], lv denied 30 NY3d 910 [2018]; Matter of Jamel W. [Stacey J.], 145 AD3d 433, 433 [1st Dept 2016]; Nimkoff v Nimkoff, 18 AD3d 344, 347 [1st Dept 2005). While petitioner contends that respondent has influenced the children to avoid communication with him, it is apparent that other factors may have triggered the children's silent behavior, including petitioner's lack of communication or contact with them for more than three years.
In order to determine visitation based on the best interest of the children, the Family Court, prior to making its determination, considered the testimony of the parties and the children's wishes (see Matter of Harry S. v Olivia S.A., 143 AD3d 531, 532 [1st Dept 2016], lv denied 28 NY3d 910 [2016]). The court also considered respondent's consent to encourage phone communication and further visitations with petitioner (see Matter of Ian C. v Desery C., 161 AD3d 621, 622 [1st Dept 2018]).
Accordingly, we find no reason to disturb the Family Court's determination (see Matter of Louise E.S. v W. Stephen S., 64 NY2d 946, 947 [1985]; Matter of Calvin B. v Tikema M., 161 AD3d 521, 521-522 [1st Dept 2018]).
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 25, 2018
CLERK