Matter of Josephine F. v Rodney W. (2019 NY Slip Op 00224)





Matter of Josephine F. v Rodney W.


2019 NY Slip Op 00224


Decided on January 15, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2019

Sweeny, J.P., Richter, Kapnick, Gesmer, Kern, JJ.


8097A 8097

[*1] In re Josephine F., Petitioner-Appellant,
v
Rodney W., Respondent-Respondent.


Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), attorney for the child.



Orders, Family Court, Bronx County (Jennifer S. Burtt, Referee), entered on or about October 5, 2017 and on or about September 21, 2017, which, after a hearing, denied petitioner mother's application for visitation and dismissed the petition, unanimously affirmed, without costs.
"[T]here is a rebuttable presumption that visitation by a noncustodial parent is in the child's best interest and should be denied only in exceptional circumstances" (Matter of Ronald C. v Sherry B., 144 AD3d 545, 546 [1st Dept 2016], lv dismissed 29 NY3d 965 [2017]). "Although denial of visitation is a drastic remedy, it is warranted where compelling reasons and substantial evidence show that visitation would be detrimental to the child"
(Matter of Harry S. v Olivia S.A., 143 AD3d 531, 531 [1st Dept 2016], lv denied 28 NY3d 910 [2016] [internal quotation marks omitted]).
The court's determination that visitation with petitioner would be detrimental to the child's emotional well-being has a sound and substantial basis in the record (see Matter of Brandy V. v Michael P., 151 AD3d 618, 619 [1st Dept 2017])[FN1]. Prior orders of which the court took judicial notice demonstrate that petitioner has been found to have neglected her other nine children (Matter of Rodney W. v Josephine F., 126 AD3d 605, 606 [1st Dept 2015], lv dismissed 25 NY3d 1187 [2015]), and that her parental rights to one child were terminated after she failed to visit the child and failed to cooperate with referrals for mental health services, individual counseling and parental skills training (see Matter of Starlaylah C. [Josephine F.], 132 AD3d 556 [1st Dept 2015], lv denied 26 NY3d 916 [2016]). The record supports the court's conclusion that petitioner is "in complete denial" and lacks insight into her own responsibility for her parenting failures.
Further, the father testified that caring for the child, who has serious developmental issues, is like caring for an infant. The child needs constant supervision, a strict routine, repetitive redirection and patience. Based on the evidence presented at the hearing, petitioner would be unable to provide the necessary stability to care for the child. Thus, considering the [*2]child's special needs, petitioner's prior history with her other children, and her failure to address her mental health issues, exceptional circumstances exist to support the court's decision to deny her visitation.
Petitioner's argument that the court abused its discretion in denying her counsel's request for an adjournment of one session of the hearing is unpreserved for appellate review (see Matter of Loretta C.W. v Mark A.W., 77 AD3d 588 [1st Dept 2010]). Were we to consider the argument, we would conclude that the court providently exercised its discretion in denying petitioner's request for an adjournment based on a claimed medical emergency (see Cohen v Cohen, 120 AD3d 1060, 1063-1064
[1st Dept 2014], lv denied 24 NY3d 909 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 15, 2019
CLERK



Footnotes

Footnote 1: Petitioner also raises evidentiary objections to the forensic's testimony. Rather than resolve those, we rely only on the other evidence in the record: the prior court orders, the testimony of respondent, and the testimony of petitioner, including her testimony that she completed a parenting program.