Matter of Timothy F. v Melissa V. (2019 NY Slip Op 03536)





Matter of Timothy F. v Melissa V.


2019 NY Slip Op 03536


Decided on May 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2019

Renwick, J.P., Richter, Tom, Kapnick, Kern, JJ.


9224

[*1]In re Timothy F., Petitioner-Appellant,
v
Melissa ., Respondent-Respondent.


Leslie S. Lowenstein, Woodmere, for appellant.
Karen Freedman, Lawyers For Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.



Order, Family Court, New York County (J. Machelle Sweeting, J.), entered on or about October 31, 2017, which denied petitioner father's request for a forensic evaluation, and permitted the father to write letters to the subject child but with no requirement that the child read or respond to such correspondence, unanimously affirmed, without costs.
The record reveals that the father has failed to establish a meaningful relationship with his now 12-year-old daughter (see Bougor v Murray, 283 AD2d 695 [3d Dept 2001]). He only saw the child once during a 10-year period and waited until the child was approximately 11 years old to file a petition to establish contact. The child has no recollection of ever meeting the father, who is a virtual stranger to her. Under these circumstances, the court providently exercised its discretion in providing for written communication with the child, which the child may read at her discretion (see e.g. Matter of Craig S. v Donna S., 101 AD3d 505 [1st Dept 2012], lv denied 20 NY3d 862 [2013]).
The father's contention that the court erred in making the final determination without forensic evaluations is unavailing. The decision whether to obtain forensic evaluations to assist in reaching a custody determination rests within the sound discretion of the trial court (see Matter of B.G. v A.M.O., 57 AD3d 246, 247 [1st Dept 2008], lv denied 12 NY3d 705 [2009]), and here the denial of the forensic evaluation was a provident exercise of such discretion.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2019
CLERK