Matter of Victor M., III v Adriana Y. (2024 NY Slip Op 00138)

Matter of Victor M., III v Adriana Y.

2024 NY Slip Op 00138

Decided on January 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 11, 2024

Before: Kern, J.P., Oing, Singh, Kapnick, O'Neill Levy, JJ.

V-20932/18 V-25505/18 Docket No. V-20932/18, V-25505/18 Appeal No. 1382-1382A Case No. 2022-02835, 2023-01176 

[*1]In the Matter of Victor M., III, Petitioner-Respondent,
v
Adriana Y., Respondent-Appellant.

Juan P. Luciano, New York, for appellant.
Warren S. Heckt, Forrest Hills, for respondent.
Monica S. Eskin, PC, Bronx (Monica S. Eskin of counsel), attorney for the child.

Order, Supreme Court, Bronx County (Jennifer S. Burtt, Referee), entered on or about June 2, 2022, which denied respondent mother's motion to reopen the trial record for the purpose of conducting forensic examinations of the parents and the child, unanimously affirmed, without costs. Order, same court and Referee, entered on or about June 8, 2022, which, to the extent appealed from as limited by the briefs, granted the mother and petitioner father joint legal custody of the subject child, afforded the father primary physical custody of the child, and delegated final decision making on educational and religious matters to the father, unanimously affirmed, without costs.
The decision whether to reopen a hearing to permit the introduction of additional evidence is committed to the discretion of Family Court upon consideration of "whether the movant has provided a sufficient offer of proof, whether the opposing party is prejudiced, and whether significant delay in the trial will result if the motion is granted" (Matter of Cook-Lynch v Valk, 126 AD3d 1062, 1063 [3d Dept 2015] [internal quotation marks omitted]). The decision whether to obtain forensic evaluations to assist in reaching a custody determination also rests within the sound discretion of the trial court (see Matter of B.G. v A.M.O., 57 AD3d 246, 247 [1st Dept 2008], lv denied 12 NY3d 705 [2009]). Here the denial of the forensic evaluation was a provident exercise of such discretion (Matter of Timothy F. v Melissa V., 172 AD3d 454 [1st Dept 2019]). The Referee was not required to order a forensic evaluation as she possessed sufficient information to make a comprehensive and independent review of the child's best interests after having conducted a 15-day trial over two and one-half years. Undertaking a time consuming forensic exam, particularly when there were no mental health allegations raised during the custody trial, would have resulted in significant delays to resolution of an already lengthy custody determination. Moreover, the additional information proffered by the mother was largely duplicative or otherwise exaggerated or unfounded.
The court's conclusion that an award of joint custody to the parents with primary physical custody to the father was in the best interests of the child has a sound and substantial basis in the record (see generally Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). The totality of the circumstances considered by the court showed that the home environments of both parents were suitable and both parents had the means to adequately provide for the child's material needs (see Eschbach, 56 NY2d at 172; Shali D. v Victoria V., 172 AD3d 581 [1st Dept 2019]; see also Friederwitzer v Friederwitzer, 55 NY2d 89 [1982]). However, the court found that the father's and his parents' testimony about the father's caring for the child and the issues with the mother's volatility and impulsiveness credible, and the mother's version of events far less credible, a determination [*2]that is entitled to deference (see Matter of Deanna V. v Michael C., 179 AD3d 445, 446 [1st Dept 2020]). Moreover, although the mother stated that she would be able to co-parent, her actions belie a willingness to foster closeness between the child and the father, a factor to be considered in determining custody (see Matter of Osbourne S. v Regina S., 55 AD3d 465 [1st Dept 2008], lv dismissed 13 NY3d 782 [2009]).
Finally, the court's determination to afford final decision making to the father on educational and religious matters has a sound basis in the record. The child is currently and successfully attending a Catholic school near the father's home which was jointly selected by the father and his parents, whom he used as a resource.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2024