Matter of K.M.P. v A.D. (2025 NY Slip Op 00915)

Matter of K.M.P. v A.D.

2025 NY Slip Op 00915

Decided on February 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 18, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Shulman, Higgitt, Michael, JJ. 

Index No. V-07860-20/20A, V-07860-20/20 Appeal No. 3716 Case No. 2024-02368 

[*1]In the Matter of K.M.P., Petitioner-Respondent,
v
A.D., Respondent-Appellant.

Anne Reiniger, New York, for appellant.
Daniel X. Robinson, New York, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Claire Merkine of counsel), attorney for the child.

Order, Family Court, New York County (Maria Arias, J.), entered on or about March 6, 2024, which, after a hearing, granted petitioner mother's application for modification of the final order of visitation and suspended respondent father's visitation with the subject child, unanimously affirmed, without costs. Appeal from order, same court and Judge, entered on or about March 4, 2024, unanimously dismissed, without costs.
A court may modify a visitation order based on a change of the parties' circumstances to serve the best interests of the child (see Matter of Evangelina C. v Maksim K., 203 AD3d 536, 537 [1st Dept 2022]). Contrary to the father's contention, the neglect finding against him constituted a change in circumstances warranting a modification of the prior custody/visitation order (see Matter of Pedro C. v Michelle R., 220 AD3d 561, 562 [1st Dept 2023]; Matter of Ze'Nya G. [Nina W.], 126 AD3d 566, 566 [1st Dept 2015]).
"[T]here is a rebuttable presumption that visitation by a noncustodial parent is in the child's best interest and should be denied only in exceptional circumstances" (Matter of Ronald C. v Sherry B., 144 AD3d 545, 546 [1st Dept 2016], lv dismissed 29 NY3d 965 [2017]). "Although denial of visitation is a 'drastic remedy,' it is warranted where compelling reasons and substantial evidence show that visitation would be detrimental to the child" (Matter of Harry S. v Olivia S.A., 143 AD3d 531, 531 [1st Dept 2016], lv denied 28 NY3d 910 [2016]).
Here, the court's determination that it was in the child's best interest to suspend the father's visitation is supported by a sound and substantial basis in the record (see Matter of M.K. v H.M., 209 AD3d 471, 471 [1st Dept 2022]). The record reveals that from the time of the child's birth, her relationship with the father had been marked by incidents of aggression and domestic violence, which ultimately culminated in him attacking her in May 2018. Throughout the pendency of the neglect case, the father refused to participate in any of the services ordered by the court and consistently denied ever hitting the child. Once the neglect case concluded, he made no effort to foster or maintain a relationship with the child for the next three years. To the extent any supervised therapeutic visits took place, they occurred in response to the mother's petition to suspend the 2017 visitation order.
The court appropriately ordered a forensic evaluation following two supervised visits. The forensic evaluator also noted the father's lack of insight into the impact his actions had on the child and her ongoing fear of him. The evaluator further concluded that, given the father's refusal to take responsibility for his behavior and his continued attempts to blame the mother and the court system for his lack of relationship with the child, resuming visitation would pose a significant risk that he would react aggressively to a stressor and would further traumatize her.
Although not controlling, the [*2]court was entitled to place great weight on the child's wishes due to her age and maturity (see Matter of Stanley G.M. v Ivette B., 181 AD3d 434, 435 [1st Dept 2020]). At the time of the fact-finding hearing, the child was 13 years old and had consistently expressed a strong preference not to have contact with her father.
In deciding to suspend the visits, the court took into consideration the long history of aggression and violence, the finding of neglect, the breakdown in the relationship between the father and the child, her fear of him, and her continued refusal to have visits with him. Additionally, the court considered the father's failure to engage in services or gain any meaningful insight into his own responsibility for his parenting failures. These determinations should be accorded great deference since the "court was in the best position to evaluate the testimony, character, and sincerity of the parties" (id. at 435).THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2025