■ In the Matter of MELVIN C. LEWIS, Appellant, v SALINA C. LOWNEY, Respondent. [745 NYS2d 122] —Crew III, J.P. Appeal from an order of the Family Court of Broome County (Ray, J.), entered July 11, 2002, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of visitation.

Petitioner, currently serving a 20-year sentence at Five Points Correctional Facility in Seneca County, is the biological father of a son born in 1995. In February 2000, while incarcerated at the Broome County Jail, petitioner obtained an order permitting weekly visitations with his son at the jail. Following his incarceration at a state correctional facility, petitioner commenced the instant proceeding seeking to modify the prior order to permit visitations with his son at the prison. The matter proceeded to a hearing, at the conclusion of which Family Court awarded petitioner visitations with his son at the prison four times each year, with respondent, the child's biological mother, to provide transportation for one of those visits and petitioner to provide transportation for the remaining three visits. Petitioner also was awarded reasonable telephone access to the child at least twice each week and was permitted to correspond with the child. Petitioner now appeals, contending that the visitation awarded was inadequate.

Initially, we reject the Law Guardian's claim that the underlying petition should have been dismissed based upon petitioner's failure to allege a sufficient change in circumstances. To the extent that this issue is properly before us, we find the petition to be sufficient and, hence, the Law Guardian's argument to be unpersuasive.

Turning to the merits, there does not appear to be any dispute that Family Court's decision to award visitation to petitioner was appropriate under the circumstances. Petitioner had an established relationship with his son prior to commencing this proceeding, he testified as to his continuing desire to maintain contact with his son and to be a part of his son's life to the extent possible and, significantly, respondent testified that she had no objection to the child visiting petitioner in prison provided she did not have to be responsible for arranging such visitations. Rather, the dispute centers upon the number of annual visits awarded by Family Court.

In this regard, petitioner contends that he does not have anyone to transport the child for the three annual visits for which he bears responsibility and, as such, he actually has been awarded only one annual visit with his son—the visit for which respondent must arrange transportation. Relying upon this Court's prior decision in *Matter of McCrone v Parker* (265 AD2d 757), petitioner contends that one visit per year is grossly inadequate. In our view, petitioner's reliance upon our prior decision in *McCrone* is misplaced.

As a starting point, our holding in *McCrone* was based upon the particular facts of that case and does not stand for the blanket proposition that awarding an incarcerated parent only one visit with his or her child each year constitutes a per se abuse of discretion. Moreover, there are factors present in this matter that were not at issue in *McCrone*—namely, the demonstrated animosity that respondent feels for petitioner. Given respondent's negativity in this regard, we agree with Family Court that compelling her to transport the child for the four annual visitations awarded ultimately would not be in the child's best interest. Finally, although petitioner indeed testified that his mother and siblings, who apparently reside in the New York City area, could not be relied upon to transport the child to the prison for visitations, the record does not establish that petitioner's family is unable or unwilling to do so. Rather, a fair reading of petitioner's testimony reveals that he believed that the burden of transporting the child should fall upon respondent, as the child's mother, rather than his family. In short, based upon our review of the record as a whole, we perceive no basis upon which to disturb the visitation award fashioned by Family Court. Accordingly, Family Court's order is affirmed.

Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.