■ In the Matter of WILLIAM G., Respondent-Appellant, v SALINE G., Appellant-Respondent. [17 NYS3d 133]—

Order, Family Court, Bronx County (Ruben A. Martino, J.), entered on or about September 25, 2014, which, to the extent appealed from as limited by the briefs, after a fact-finding hearing, granted the father's petition for visitation with his children to the extent of awarding an annual visitation at the Southport Correctional Facility or any other facility where he was incarcerated that is "within the same proximity" as Southport, on condition that he pay the mother $200 towards the cost of the visit within 90 days before it is held, unanimously affirmed, without costs.

The Family Court's decision to allow the father visitation, but to limit visitation to one time per year, has a sound and substantial basis in the record. The court properly took into consideration the totality of the circumstances, including the children's position, as expressed through their attorney, as well as the burden and cost involved in the lengthy trip from Bronx County to an upstate facility, in determining that an annual in-person visit with the father was in the children's best interests (*see Matter of Granger v Misercola*, 21 NY3d 86, 90 [2013]; *Matter of Garraway v Laforet*, 68 AD3d 1192, 1193-1194 [3d Dept 2009]; *Matter of Lewis v Lowney*, 296 AD2d 624, 624-625 [3d Dept 2002]). The fact that the mother objects to having to make the trip is not a reason to deny the father visitation (*see Matter of Kadio v Volino*, 126 AD3d 1253, 1255 [3d Dept 2015]).

The request of the attorney for the children that the geographic proximity requirement of the order be clarified, as well as the father's concerns about lack of communication, can best be addressed in the context of a modification petition (*see Matter of Lapham v Senecal*, 125 AD3d 1210, 1211 [3d Dept 2015]). Concur—Friedman, J.P., Andrias, Saxe, Gische and Kapnick, JJ.