■ In the Matter of Christopher E.C., Appellant, v Ivana K.S., Respondent. [38 NYS3d 181]—

Order, Family Court, Bronx County (Jennifer S. Burtt, Ct. Atty. Ref.), entered on or about October 14, 2014, which, to the extent appealed from, as limited by the briefs, granted respondent mother's application for relocation with the child to Florida, unanimously affirmed, without costs.

The court's determination has a sound and substantial basis in the record, and there is no reason to disturb the court's findings (see Matter of William G. v.Saline G., 132 AD3d 440 [1st Dept 2015]). The court considered all of the relevant factors and properly concluded that the proposed relocation would serve the child's best interests (see Matter of Tropea v Tropea, 87 NY2d 727, 740-741 [1996]). Respondent mother has demonstrated by clear and convincing evidence that a move to Florida would improve the quality of the six-year-old child's life.(see Matter of Kevin McK. v Elizabeth A.E., 111 AD3d 124, 130-131 [1st Dept 2013]). The mother also established that she would continue to foster a relationship between the petitioner father and the child (see Matter of Matthew W. v Meagan R., 68 AD3d 468 [1st Dept 2009]; see e.g. Matter of Damien P.C. v Jennifer H.S., 57 AD3d 295, 296 [1st Dept 2008], lv denied 12 NY3d 710 [2009]). Although the relocation will have an impact upon the father's ability to spend time with his child, the visitation schedule set by the court will allow for the father and the child to continue to have a meaningful relationship (see Matter of Carmen G. v Rogelio D., 100 AD3d 568 [1st Dept 2012]). Concur—Friedman, J.P., Saxe, Moskowitz, Gische and Kahn, JJ.