■ In the Matter of Ousmane D., Appellant, v Halimatou B., Respondent. [54 NYS3d 14]—

Order, Family Court, Bronx County (John J. Kelley, J.), entered on or about August 26, 2015, which, among other things, denied petitioner father's petition for sole legal and physical custody of the parties' minor child, and granted re-

spondent mother's cross petition for custody and relocation, with parenting time to the father, unanimously affirmed, without costs.

Family Court's determination that the child's best interests would be served by awarding sole legal and physical custody of the child to the mother and allowing the mother to relocate with the child to the Gambia has a sound and substantial basis in the record (*Eschbach v Eschbach*, 56 NY2d 167 [1982] [custody]; *Matter of Tropea v Tropea*, 87 NY2d 727, 740-741 [1996] [relocation]; *see Matter of David J.B. v Monique H.*, 52 AD3d 414, 415 [1st Dept 2008]; *see also Matter of Alaire K.G. v Anthony P.G.*, 86 AD3d 216, 219 [1st Dept 2011]). Where, as here, Family Court had the benefit of a full evidentiary hearing, and its determination rests largely on the witnesses' demeanor and the credibility of their testimony, "its findings must be accorded the greatest respect" (*Matter of Elissa A. v Samuel B.*, 123 AD3d 638, 639 [1st Dept 2014] [internal quotation marks omitted]).

The evidence adduced at the hearing established that the mother has been the child's primary caretaker since his birth, and that the father played, at best, a peripheral role in the child's life. After moving out of the parties' apartment when the child was three months old, the father did not have any contact with him again until he was two years old. Even then, visitation was sporadic. When the child was almost three years old, the mother, who is originally from West Africa, moved with the child to the Gambia, where she has family, including the child's grandmother, living close by. As the court noted, at the time of the hearing, the child was living in the Gambia in a stable, loving home with the mother, his stepfather, and his half brother; he had his own bedroom and bathroom, and ample room to play; he attended a respected international school; and, unlike in New York, the mother had a work schedule that allowed her to spend significant time with her children. The father's claims that the mother tried to alienate him from the child are not supported by the record.

We have considered the father's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Renwick, Andrias, Feinman and Gesmer, JJ.