Matter of Jamee Bennett G. v John Nicolaas B. (2021 NY Slip Op 06757)





Matter of Jamee Bennett G. v John Nicolaas B.


2021 NY Slip Op 06757


Decided on December 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 02, 2021

Before: Webber, J.P., Oing, Shulman, Pitt, JJ. 


Docket No. V-8692/19 V-8693/19 V-7228/19 V-5443/19 Appeal No. 14723-14723A Case No. 2020-04011 2021-00002 

[*1]In the Matter of Jamee Bennett G., Petitioner-Respondent,
v
John Nicolaas B., Respondent-Appellant.


Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco, P.C., of counsel), for appellant.
Miller Zeiderman, LLP, New York (Lisa Zeiderman of counsel), for respondent.
Andrew J. Baer, New York, attorney for the children.



Order, Family Court, New York County (Emily M. Olshansky, J.), entered on or about September 24, 2020, which granted petitioner mother's petition to relocate temporarily to Chicago with the subject children pending completion of the hearing on custody, visitation, and relocation, unanimously affirmed, without costs. Appeal from order, same court (Karen I. Lupuloff, J.), entered on or about December 21, 2020, which denied respondent father's motion seeking parenting time from December 22, 2020 to January 10, 2021 and related relief, unanimously dismissed, without costs, as moot.
While respondent father argues that the court improperly denied his request for court-appointed counsel on financial grounds by order entered on or about August 12, 2020, he has failed to file a notice of appeal from such order and as such his challenges to that order are not properly before this Court on this appeal (Family Ct Act § 1113; Smith v New York City Hous. Auth., 137 AD3d 714 [1st Dept 2016]; Dick v City of New York, 11 AD3d 239 [1st Dept 2004]). We note however that his reliance upon County Law § 722 in support of his argument that the court employed an incorrect "indigency" standard incorporates, as relevant, Family Ct Act § 262 (Assignment of Counsel for Indigent Persons) (emphasis added). Further, the court also employed the "financial inability" standard he advocates, both during the proceedings, and in its September 24, 2020 order, where it referred to respondent father's failure to substantiate his alleged "financial inability," and the court's determination that respondent father "was indeed financially capable of retaining private counsel." More importantly, the court did in fact assign counsel to respondent father, however, not on the grounds of indigency.
Although the relocation order is temporary, we exercise our discretion to review the merits of the appeal therefrom (Family Ct Act § 1112). Upon consideration of the merits, we affirm. The award of relocation had a sound and substantial basis in the record (Matter of Carmen G. v Rogelio D., 100 AD3d 568 [1st Dept 2012]). Family Court considered and enumerated the proper factors in order to determine that relocation was in the children's best interests (Tropea v Tropea, 87 NY2d 727 [1996]). It considered the parents' arguments for and against the move, the quality of the children's relationships with each parent, the impact of the move on their contact with the father, the degree to which the relocation would enhance the mother's and children's lives economically, emotionally, and educationally, and the feasibility of preserving the father's relationship with the children after the move. The mother showed that relocation was in the children's best interests, given the father's failure to pay child support and how, on relocation, the maternal grandparents would provide her and the children with stability, emotional support, and financial support, in the form of a place to live, free childcare, and [*2]paid-for private school tuition (Matter of Alaire K.G. v Anthony P.G., 86 AD3d 216 [1st Dept 2011]).
Respondent father's arguments in opposition to the relocation order are unavailing. His undisputed nonpayment of child support, accrual of approximately $40,000 in support arrears, and failure to contribute to the children's educational or other expenses are a stark contrast to the economic and educational benefits to the children to be gained upon relocation which justify the relocation notwithstanding any disruption in frequency of contact between him and the children (see Matter of Christopher E.C. v Ivana K.S., 143 AD3d 420 [1st Dept 2016]; Matter of Kevin McK. v Elizabeth A.E., 111 AD3d 124 [1st Dept 2013]; Tsui v Tsui, 99 AD3d 793 [2d Dept 2012]).
We dismiss as moot the appeal from the order entered on or about December 21, 2020; the relief sought in connection with that order pertained to parenting time during a specific time period that has long since passed (Matter of Fredericks v Ambrose, 100 AD3d 632 [2d Dept 2012]).
We have considered respondent father's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2021