Matter of Demetrius C. (David C.) (2022 NY Slip Op 01115)





Matter of Demetrius C. (David C.)


2022 NY Slip Op 01115


Decided on February 22, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2022

Before: Renwick, J.P., Kennedy, Scarpulla, Rodriguez, Higgitt, JJ. 


Docket No. NA-32159/14, NA-32160/14, V-21946-V21947/15G,H Appeal No. 15343 Case No. 2020-03938 

[*1]In the Matter of Demetrius C. and Another, Children Under Eighteen Years of Age, etc., David C., Respondent-Appellant, Epifania C., Nonparty-Intervenor-Respondent, Administration for Children's Services, Petitioner-Respondent.
In the Matter of Epifania C., Petitioner-Respondent,
David C., Respondent-Appellant.


Rosemary Rivieccio, New York, for appellant.
Carol Kahn, New York, for Epifania C., respondent.
The Law Offices of Salihah R. Denman, PLLC, New York (Salihah R. Denman of counsel), attorney for the child Demetrius C.



Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about July 29, 2020, which, after a hearing, granted the mother's petition to relocate with the child to Florida, unanimously affirmed, without costs.
Family Court's determination that the mother's relocation with the child to Florida was in the best interests of the child is supported by a sound and substantial basis in the record (see Tropea v Tropea, 87 NY2d 727, 740-41 [1996]). The mother has had sole custody of the child since 2009 in accordance with a custody order entered on consent. In 2015, the father was charged with sexually abusing the parties' daughter, who no longer has any contact with him (Matter of Demetrius C. [David C.], 156 AD3d 521, 522 [1st Dept 2017], lv dismissed 31 NY3d 926 [2018]). While the abuse and neglect proceeding was pending, the mother commenced this proceeding and moved with the children to Florida, where she has the benefit of a support system provided by her family, and where she has been able to obtain suitable housing after living in homeless shelters (see Matter of Nadine T. v Lastenia T., 161 AD3d 491, 493 [1st Dept 2018]; Matter of Melissa Marie G. v John Christopher W., 73 AD3d 658, 658 [1st Dept 2010]). The child has thrived in Florida, where he has progressed in therapy, succeeded academically, and developed close relationships with his maternal relatives. Furthermore, the child has a closer relationship with his mother, who has always been the primary caregiver, and has provided a consistent and stable home environment for him (see Matter of Ramon R. v Carmen L., 188 AD3d 545, 545 [1st Dept 2020]).
Although the father has not actively or consistently sought to maintain contact with the child, the court provided for visitation, which will permit the father and child to continue to have a relationship (see Matter of Christopher E.C. v Ivana K.S., 143 AD3d 420, 421 [1st Dept 2016]). Under these circumstances, returning the child to New York
would not serve his bests interests (see e.g. Ousmane D. v Halimatou B., 150 AD3d 509, 510 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 22, 2022