Matter of Jeremy S. v Fransely P. (2026 NY Slip Op 00327)

Matter of Jeremy S. v Fransely P.

2026 NY Slip Op 00327

Decided on January 22, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 22, 2026

Before: Manzanet-Daniels, J.P., Webber, Friedman, González, Michael, JJ. 

 |Docket No. V-20763-23 V-20764-23|Appeal No. 5636|Case No. 2025-00283|

[*1]In the Matter of Jeremy S., Petitioner-Respondent,
vFransely P., Respondent-Appellant. 

Larry S. Bachner, New York, for appellant.
Rhea G. Friedman, New York, for respondent.
Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), attorney for the children.

Order, Family Court, Bronx County (Judith D. Waksberg, J.), entered on or about December 6, 2024, which, to the extent appealed from as limited by the briefs, granted petitioner father's petition to the extent of directing respondent mother to produce the subject children for visitation at the Manhattan side of the Staten Island Ferry Terminal on alternating Fridays for visitation with the father, unanimously affirmed, without costs.
The court's determination that it was in the children's best interest for the mother to produce them for visits with the father at the Manhattan side of the Staten Island Ferry terminal on alternating Fridays is supported by the record (see Matter of Kaleem U. v Halima S., 181 AD3d 492 [1st Dept 2020], citing Eschbach v Eschbach, 56 NY2d 167, 173 [1982]). The court properly took into consideration the totality of the circumstances, including the children's wishes, as expressed through the Attorney for the Children (AFC), as well as the burden and costs involved for both parties (see Matter of William G. v Saline G., 132 AD3d 440, 441 [1st Dept 2015]; cf. Matter of Cornielle v Rosado, 231 AD3d 824, 827-828 [2d Dept 2024]). There is no basis to disturb the court's finding that the father's testimony was more credible than the mother's in determining the feasibility of bringing the children to the ferry terminal (see Kaleem U., 181 AD3d 492).
The mother's claim that the AFC should have remained "mute" during the proceedings is unpreserved (see Matter of Belkis N. v Gilberto N., 165 AD3d 489, 490 [1st Dept 2018]). In any event, this argument is unavailing because the AFC is authorized to advocate on the children's behalf for a manner of transportation and visitation schedule that benefits them (see Matter of Amanda YY. Faisal ZZ., 198 AD3d 1125, 1129 [3d Dept 2021], lv denied 38 NY3d 908 [2022]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 22, 2026