People v Delacruz (2026 NY Slip Op 00327)

People v Delacruz

2026 NY Slip Op 00327

Decided on January 27, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 27, 2026

Before: Moulton, J.P., Mendez, Rodriguez, Hagler, JJ. 

Ind. No. 1254/19|Appeal No. 5661|Case No. 2024-03586|

[*1]The People of the State of New York, Respondent-Respondent,
vElijah Delacruz, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Alec D. Miran of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Joseph Tucker of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about May 22, 2024, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
After conducting defendant's SORA hearing Supreme Court assessed defendant with 125 points. However, the record before it did not support the assessment of the full 30 points under risk factor nine, which concerns the number and nature of defendant's prior crimes. The record did not contain clear and convincing evidence of a 2012 youthful offender adjudication for Endangering the Welfare of a Child. The prosecutor conceded at the hearing that she had sought to verify the existence of the adjudication but that her review of defendant's criminal history did not confirm it.
Rather than the 30-point assessment under risk factor 9, the record supports only a 15-point assessment based on the clear and convincing evidence that defendant had a prior conviction for a non-violent felony (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentaries, at 13 [2006]).
While we find that defendant should have been assessed only 15 points on this risk factor, a reduction of 15 points does not alter defendant's presumptive risk level three designation (see People v Romulus, 189 AD3d 553, 554 [1st Dept 2020], lv dismissed 36 NY3d 1082 [2021] and lv denied 37 NY3d 910 [2021]).
The court providently exercised its discretion in declining to grant defendant's request for a downward departure (see generally People v Gillotti, 23 NY3d 841, 861 [2014]), and we perceive no basis to substitute our discretion and grant a downward departure to a level two adjudication. The mitigating factors cited by defendant were adequately taken into account by the risk assessment instrument, and his efforts while incarcerated were not so exceptional as to warrant a departure under the totality of the circumstances (see People v Bevel, 224 AD3d 430 [1st Dept 2024], lv denied 42 NY3d 902 [2024]). In any event, to the extent defendant identified any mitigating factors, they "were outweighed by the seriousness of the underlying sexual offense[s]" (People v Williams, 220 AD3d 512, 513 [1st Dept 2023], lv denied 41 NY3d 905 [2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2026